UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 7562



AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

          Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION,
170 Marcel Drive
Winchester, VA 22602

UNITED STATES DEPARTMENT OF
JUSTICE,
1425 New York Avenue, N.W.
Washington, D.C. 20530

          Defendants.

No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of records improperly withheld by Defendants Federal Bureau of Investigation ("FBI") and the United States Department of Justice ("DOJ") in response to a request properly made by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU").

2. Although Plaintiffs submitted their request four months ago, Defendants have failed to release the requested records. Nor have they processed the Request either "promptly"

1

(as required by FOIA for all requests, *id.* § 552(a)(3)(A)(ii)) or in an "expedited" fashion (as required by FOIA for certain requests, *id.* § 552(a)(6)).

3. On May 31, 2011, Plaintiffs submitted a FOIA request ("the Request") to the FBI and the DOJ's Office of Information Policy ("OIP"), Office of Public Affairs ("OPA"), Office of Legal Counsel ("OLC"), and National Security Division ("NSD") pertaining to the government's interpretation or use of the powers enumerated in the USA PATRIOT Act ("PATRIOT Act"), Pub. L. No. 107-56; 115 Stat. 272 (2001). Specifically, the Request pertains to the FBI's use and interpretation of Section 215 of the USA PATRIOT Act, as amended, which permits the government to apply for court orders requiring the production of "tangible things."

4. Plaintiffs sought expedited processing of the Request. The NSD granted that request by letter dated June 1, 2011; the FBI, OIP, and OLC did the same by letters dated June 8, 2011, June 9, 2011, and June 15, 2011, respectively.

5. Plaintiffs also sought a waiver or limitation of search, review, and duplication fees. The NSD granted that request by letter dated June 1, 2011; the FBI denied that request by letter dated July 6, 2011.

6. Four months have elapsed since the ACLU filed the Request. In a letter dated August 22, 2011, the NSD released three items and communicated a determination to withhold other responsive items and records. Defendant FBI has not released any responsive records.

7. Defendants' failure to process and release responsive records is of particular concern because the records relate to a highly controversial surveillance authority the wisdom, effectiveness, and scope of which are a matter of intense and ongoing public debate. The records sought would greatly contribute to the public's understanding of the FBI's use of Section 215

and to the processes that the government has put in place to ensure that that use complies with the Constitution.

8. Plaintiffs seek an injunction requiring Defendants to process the Request immediately. Plaintiffs also seek an order enjoining the Defendants from assessing fees for the processing of the Request.

## Jurisdiction and Venue

9. This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

10. Because Defendants have failed to determine an administrative appeal in the time set by FOIA, Plaintiffs are deemed to have exhausted all administrative remedies and are now entitled to appeal directly to the Court to enforce the dictates of FOIA pursuant to 5 U.S.C. § 552(a)(4)(B).

## Parties

11. Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government complies with the Constitution and laws, including its international legal obligations, in matters that affect civil liberties and human rights. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights.

12. Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

13. Defendant FBI is a component of the DOJ. It is headquartered in Washington, D.C. and has field offices throughout the country, including in New York, NY.

14. Defendant DOJ is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The DOJ is headquartered in Washington, D.C.

**Factual Background**

15. Section 215 of the Patriot Act allows the FBI to obtain "any tangible things (including books, records, papers, documents and other items) for an investigation to protect against international terrorism or clandestine intelligence activities."

16. Since the enactment of the PATRIOT Act in 2001, Section 215 has received considerable and sustained media and public attention. In recent months, as Congress has debated reauthorization of certain PATRIOT Act provisions, including Section 215, media and public attention have intensified.

17. As set forth in the Request, many recent news stories have included allegations by members of the Senate Select Committee on Intelligence that the DOJ has adopted an overly broad construction of Section 215.

18. While the DOJ claimed only to have used Section 215 powers 21 times in 2009 and 96 times in 2010, Senators Ron Wyden and Mark Udall, along with others, recently proffered an amendment to address the government's "secret[] reinterpretation [of] public laws and statutes in a manner that is inconsistent with the public's understanding of these laws." They

made clear that they had specific concerns regarding the government's interpretation of Section 215.

19. Further, Senator Wyden stated in open Congress that he "certainly believe[s] the public will be surprised again when they learn about some of the interpretations of the PATRIOT Act," suggesting that the FBI's numbers or public statements have been misleading or incomplete.

20. In May 2009, Senators Wyden and Udall also offered an amendment that would have limited the government's ability to use Section 215 to collect records about people. This effort to amend was also unsuccessful.

21. Section 215 was renewed as part of the PATRIOT Act without amendment, and the concerns regarding its interpretation have not been resolved.

## FOIA Request

22. On May 31, 2011, Plaintiffs submitted their Request for the release of any and all records concerning the government's interpretation or use of Section 215, including but not limited to:

> "legal opinions or memoranda interpreting that provision; guidelines informing government personnel how that provision can be used; records containing statistics about the use or misuse of the provision; reports provided by the executive branch to Congress relating to the executive's interpretation, use or misuse of the provision; forms used by executive agencies in connection with the use of Section 215; and legal papers filed by the government or any other party in the Foreign Intelligence surveillance Court, and opinions of that court, pertaining to the interpretation, use or proposed use of Section 215."

23. With respect to the requested records, the Request sought only those records drafted, finalized or issued after March 9, 2006. It made clear that it "do[es] not ask you to disclose the names or identities of those entities or individuals who have been served with

5

Section 215 orders or the names or identities of those individuals or entities about whom records have been sought."

24. The Request also "ask[ed] that you disclose any and all records indicating the kinds or types of information that may, as a matter of policy or law, be obtained through the use of Section 215."

25. Plaintiffs sought expedited processing of the Request on the grounds that there is a "compelling need" for these records because "the records sought are urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity," and "relate to a 'matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." *See* 5 U.S.C. § 552(a)(6)(E); *see also* 28 C.F.R. § 16.5(d).

26. Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 28 C.F.R. § 16.11.(k)(1).

27. Plaintiffs also sought a waiver of search, review and duplication fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 28 C.F.R. § 16.11.

28. The Request was submitted to the designated FOIA office of the FBI as well as the DOJ's OIP, OPA, OLC, and NSD.

### The Government's Response to the Request

29. In spite of the urgent national interest surrounding the requested records, the government has neither released all responsive records nor explained its failure to do so.

30. By letter dated June 1, 2011, the NSD acknowledged receipt of the Request and advised that it had granted Plaintiffs' applications for a fee waiver and for expedited processing, concluding, "[y]ou have demonstrated that there is a particular urgency to inform the public about an actual or alleged federal government activity."

31. By letter dated June 8, 2011, the FBI advised that it had approved Plaintiffs' request for expedited processing.

32. By letter dated June 9, 2011, the OIP acknowledged receipt of the Request and advised that it had granted Plaintiffs' request for expedited processing pursuant to the DOJ's standard involving "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." The letter also advised that a decision had not been made as to Plaintiffs' request for a fee waiver.

33. By letter dated June 15, 2011, the OLC acknowledged receipt of the Request and advised that it had granted Plaintiffs' request for expedited processing pursuant to the DOJ's standard involving "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." The letter also advised that a decision had not been made as to Plaintiffs' request for a fee waiver. Further, the letter stated that OLC's staff had not yet been able to complete a search to determine whether there were records within the scope of the Request, and would accordingly be unable to comply with the statutory deadline for responding to the Request.

34. By letter dated June 22, 2011, the OIP advised that a search had been conducted in the Office of Legal Policy and no records responsive to the Request had been located. It also advised that the OIP was continuing to search records in other DOJ offices.

35. By letter dated July 6, 2011, the FBI advised that it had denied Plaintiffs' application for a fee waiver.

36. By letter dated August 22, 2011, the NSD advised that it had located records responsive to the Request, and that it was releasing three items in full. The letter advised that the NSD had determined to withhold an item described as "Emails; 12/06/2009 through 3/12/2010; 8 full pages, 4 partial pages (partial outside scope, partial referred to OIP)" pursuant to FOIA exemptions set forth in 5 U.S.C. 552(b). In addition, the letter stated, "we have identified other responsive records from NSD/OI operational case files created to secure surveillance authorities from the Foreign Intelligence Surveillance Court. All such records are categorically denied under 5 U.S.C. 552(b)(1) which permits the withholding of information properly classified pursuant to Executive Order No. 13526." Finally, the letter advised that the NSD had referred certain DOJ leadership office records to the OIP, for review and direct response.

37. By letter dated August 31, 2011, the OIP advised that it had received material from the NSD for processing and direct response.

### Plaintiffs' Administrative Appeals

38. By letter dated August 19, 2011, Plaintiffs submitted to OIP their appeal from the FBI's denial of Plaintiffs' request for a public-interest fee waiver of the Request. OIP adjudicates such appeals.

39. OIP advised Plaintiffs that it had received their administrative appeal dated August 19, 2011 on August 22, 2011.

40. More than twenty days have passed since Plaintiffs submitted their administrative appeal dated August 19, 2011 to OIP. Plaintiffs have received no further response to this appeal.

41. By letter dated September 22, 2011, Plaintiffs submitted to OIP their appeal from the NSD's decision to withhold certain items and records that are responsive to the Request. OIP adjudicates such appeals.

42. OIP advised Plaintiffs that it had received their administrative appeal dated September 22, 2011 on September 23, 2011.

43. More than twenty days have passed since Plaintiffs submitted their administrative appeal dated September 22, 2011 to OIP. Plaintiffs have received no further response to this appeal.

44. As a result, Plaintiffs are deemed to have exhausted their administrative remedies.

## Causes of Action

45. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

46. Defendants are an agency and a component thereof subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in their possession at the time of the request and provide a lawful reason for withholding any materials as to which they claim an exemption, under 5 U.S.C. § 552(a)(3).

47. Defendants have failed to make a reasonable effort to search for records sought by the Request, and that failure violates FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

48.     Defendants have failed to promptly make available the records sought by the Request, and that failure violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendants' corresponding regulations.

49.     Defendants have failed to process Plaintiffs' Request as soon as practicable, and that failure violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

50.     Defendants have failed to grant Plaintiffs' request for a waiver of search, review, and duplication fees, and that failure violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendants' corresponding regulations.

51.     Defendants have failed to grant Plaintiffs' request for a limitation of fees, and that failure violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendants' corresponding regulations.

52.     Defendants' decision to withhold certain responsive items and records is improper.

53.     Even if parts of those records are properly withheld as classified, Defendants have an obligation to release segregable portions of otherwise exempt material.

54.     Defendants' failure to provide all responsive records and material violates FOIA, generally and specifically 5 U.S.C. § 552(a)(3).

**Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendants to immediately process and provide all records responsive to the Request;

B. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Haddad

Charles S. Sims (CS-0624)
Richard I. Haddad (RH-7270)
Proskauer Rose LLP
11 Times Square
New York, NY 10036
Phone: (212) 969-3000
Fax: (212) 969-2900
csims@proskauer.com
rhaddad@proskauer.com

Alexander Abdo (AA-0527)
Jameel Jaffer (JJ-4653)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2517
Fax: (212) 549-2654
aabdo@aclu.org
jjaffer@aclu.org

Beth Haroules (BH-5797)
Arthur Eisenberg (AE-2012)
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-3300
Fax: (212) 607-3318
bharoules@nyclu.org
aeisenberg@nyclu.org

*Counsel for the plaintiffs*

Dated: October 26, 2011