UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES CO., *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>        Defendant. | 11 Civ. 6990 (WHP) |
| AMERICAN CIVIL LIBERTIES UNION, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>        Defendants. | 11 Civ. 7562 (WHP) |

## DECLARATION OF MARK A. BRADLEY

I, Mark A. Bradley, do hereby state and declare as follows:

    1.    I am the Director of the Freedom of Information Act ("FOIA") and Declassification Unit of the Office of Law and Policy in the National Security Division ("DOJ-NSD") of the United States Department of Justice ("DOJ" or "Department"). DOJ-NSD is a component of the Department. DOJ-NSD formally began operations on October 2, 2006, by, *inter alia*, consolidating the resources of the Department's Office of Intelligence Policy and

Review ("OIPR")[1] and the Counterterrorism Section ("CTS") and Counterespionage Section ("CES") of the Department's Criminal Division.

2.      In addition, under a written delegation of authority pursuant to section 1.3.(c) of Executive Order 13526, I hold original classification authority at the TOP SECRET level. I am authorized, therefore, to conduct classification reviews and to make original classification and declassification decisions.

3.      I submit this declaration in support of DOJ's Motion for Summary Judgment and for Partial Summary Judgment in the above-captioned cases. I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties. I am also submitting a classified declaration in support of the Government's motion. Because my classified declaration contains information that cannot be explained on the public record, I am providing it for the Court's review *ex parte* and *in camera*.

4.      By electronic mail message to DOJ's Office of Information Policy, dated May 27, 2011, plaintiff *New York Times* reporter Charlie Savage requested a copy of "the report received on February 2, 2011 by the congressional intelligence committees from the attorney general and the director of national intelligence, that pertains to intelligence collection authorities that were subject to expiration under section 224 of the USA PATRIOT Act" (the "New York Times FOIA request").

5.      Approximately one month later, on June 22, 2011, Mr. Savage forwarded his May 27, 2011 email to DOJ-NSD.

6.      The DOJ-NSD FOIA unit assigned this request number 11-214. In a letter dated June 27, 2011 and signed by DOJ-NSD FOIA Coordinator Arnetta Mallory, the DOJ-NSD FOIA

---

[1] OIPR is now known as the Office of Intelligence ("OI").

unit acknowledged receipt of the request.  In a letter dated, August 2, 2011 and also signed by Ms. Mallory, the DOJ-NSD FOIA unit stated that it had identified one responsive document, and was withholding the responsive document in full pursuant to FOIA Exemption 1, 5 U.S.C. § 552 (b)(1), which protects classified information.

7.  By letter dated May 31, 2011, plaintiff American Civil Liberties Union ("ACLU") requested "all records concerning the government's interpretation or use of Section 215" (the ACLU FOIA request").  The DOJ-NSD FOIA unit assigned this request number 11-198.  In a letter dated June 6, 2011, and signed by DOJ-NSD FOIA Coordinator Arnetta James,[2] the DOJ-NSD FOIA unit acknowledged receipt of the request.  In a letter dated August 22, 2011, and signed by me, the DOJ-NSD FOIA unit informed ACLU that it had searched the policy, correspondence, and senior management files within DOJ-NSD's OI and located responsive documents, some of which were withheld in full.  One of the responsive documents withheld in full was the same document responsive to the New York Times FOIA request.

8.  For all the reasons set forth in my *ex parte, in camera* classified declaration and accompanying materials, the information in this document is currently and properly classified under Executive Order 13526.  Specifically, the withheld information contained in this document meets the criteria for classification as set forth in subparagraphs (c) and (g) of Section 1.4 of Executive Order 13526, which respectively authorize the classification of information concerning "intelligence activities (including covert action), intelligence sources or methods, or cryptology," and "vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to national security," which includes defense against transnational terrorism.

---

[2] Ms. Mallory changed her name from Arnetta James to Arnetta Mallory in the summer of 2011.

9. Because the withheld material is classified at the TOP SECRET level, its disclosure could be expected to cause exceptionally grave damage to the national security of the United States. As set forth more fully in my *ex parte, in camera* classified declaration and accompanying materials, the withheld material contains specific descriptions of the manner and means by which the United States Government acquires tangible things for certain authorized investigations pursuant to Section 215. As such, the withheld information describes highly sensitive intelligence activities, sources and methods. Disclosure of this information would provide our adversaries and foreign intelligence targets with insight into the United States Government's foreign intelligence collection capabilities, which in turn could be used to develop the means to degrade and evade those collection capabilities.

10. Furthermore, the classified information in the responsive document is "owned by, produced by or for, or under the control of the United States Government," as required by E.O. 13526.

11. The responsive document contains no reasonably segregable, non-exempt information. Any unclassified material in the responsive document, to the extent it exists, is so inextricably intertwined with the classified material that the release of any non-exempt information would produce only incomplete, fragmented, unintelligible sentences and phrases that are devoid of any meaning. The unclassified information in the responsive document, to the extent that any exists, does not contain any meaningful information responsive to the New York Times and ACLU FOIA requests.

12. In addition, as set forth more fully in my *ex parte, in camera* classified declaration and accompanying materials, the withheld information is also exempt from disclosure pursuant

to FOIA Exemption 3. Exemption 3 states that FOIA's disclosure provisions do not apply to matters that are specifically exempted from disclosure by statute. In this case, the withheld information is protected by the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act ("IRTPA") of 2004, which protects intelligence sources and methods from unauthorized disclosure. 50 U.S.C. § 403-1(i)(1).

## CONCLUSION

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 27th day of February 2012

*Mark A. Bradley*
Mark A. Bradley