**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE,<br><br>Defendant. |

11 Civ. 7562 (WHP)

## DECLARATION OF MARK A. BRADLEY

I, Mark A. Bradley, do hereby state and declare as follows:

1.      I am the Director of the Freedom of Information Act ("FOIA") and

Declassification Unit of the Office of Law and Policy in the National Security Division ("NSD")

of the United States Department of Justice ("DOJ" or "Department"). NSD is a component of

the Department. NSD formally began operations on October 2, 2006, by, *inter alia*,

consolidating the resources of the Department's Office of Intelligence Policy and Review

("OIPR")[1] and the Counterterrorism Section ("CTS") and Counterespionage Section ("CES") of

the Department's Criminal Division.

2.      In addition, under a written delegation of authority pursuant to section 1.3(c) of

Executive Order 13526, I hold original classification authority at the TOP SECRET level. I am

authorized, therefore, to conduct classification reviews and to make original classification and

declassification decisions.

3.      I submit this declaration in support of DOJ's Motion for Summary Judgment in

---

[1] OIPR is now known as the Office of Intelligence ("OI").

the above-captioned case.  I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties.  I am also submitting a classified declaration in support of the Government's motion.  Because my classified declaration contains information that cannot be explained on the public record, I am providing it for the Court's review *ex parte* and *in camera*.

4.  By letter dated May 31, 2011, plaintiff, the American Civil Liberties Union ("ACLU"), requested records generated after March 9, 2006 "pertaining to the Government's use and interpretation of section 215 of the USA PATRIOT Act" ("ACLU Request").  The NSD FOIA unit assigned this request number 11-198.

5.  In a letter dated August 11, 2011, and signed by me, the NSD FOIA unit informed ACLU that it had searched the policy, correspondence, and senior management files within NSD's OI and the Office of the Assistant Attorney General (OAAG) for NSD and located responsive records.  Enclosed with this letter were three documents which were released in full. In addition, this letter also stated that NSD FOIA identified additional responsive records within OI, but release of those records was categorically denied under FOIA Exemption (b)(1) which protects classified information from release.[2]

6.  In a letter dated, August 22, 2011, ACLU appealed NSD's application of the FOIA exemptions.  ACLU filed this lawsuit on October 26, 2011.

7.  On December 9, 2011, the Court entered the parties' stipulation, which reflects plaintiff's agreement to narrow the scope of its request to include only:

>   a.  Legal opinions or memoranda concerning or interpreting Section 215 of the USA PATRIOT Act ("Section 215")

---

[2] One of the documents withheld in full was the subject of a previous motion for partial summary judgment in the above-captioned case.  On May 17, 2012, this Court ruled that the Government properly withheld this document pursuant to FOIA Exemptions (b)(1) and (b)(3).

    b.   Guidelines for government personnel regarding the use of Section 215;

    c.   Reports provided to Congress by the Federal Bureau of Investigation or Department of Justice concerning or memorializing the Executive Branch's interpretation or use of Section 215;

    d.   Reports, opinions, or memoranda of the Foreign Intelligence Surveillance Court ("FISC") concerning or interpreting Section 215; and

    e.   Legal opinions or memoranda concerning or interpreting rulings, opinions, or memoranda of the FISC interpreting Section 215.

Plaintiffs also agreed to exclude drafts of documents, acquisition applications or supporting documentation submitted to the FISC, and electronic mail messages.

8.    Records located in NSD as responsive consist of the following:

a.    Congressional reporting and supporting documentation:

- Twenty-eight (28) documents ranging in date from May 2006 to September 2011, totaling 1568 pages, which include materials sent to the House Permanent Select Committee on Intelligence ("HPSCI"), Senate Select Committee on Intelligence ("SSCI"), House Judiciary Committee, and/or the Senate Judiciary Committee.

- In addition, thirty-one (31) documents ranging in date from April 2006 to December 2011, totaling 127 pages, and submitted to Congress by the Attorney General as required by the Foreign Intelligence Surveillance Act of 1978, as amended, and the Intelligence Reform and Terrorism Prevention Act of 2004.

b.    Materials submitted to, or opinions and/and orders issued by, the Foreign Intelligence Surveillance Court:

- Legal memoranda and reports submitted by the Government to, and opinions and/or orders issued by, the Foreign Intelligence Surveillance Court ranging in date from March 2006 through June 2011.

c.    Internal Executive Branch communications and analysis:

- Nine (9) documents consisting of internal Executive Branch communications, memoranda, and/or analysis, either undated, or ranging in date from July 2006 to November 2010 and totaling 86 pages.

d.    Guidelines and training documents:

- Forty (40) documents consisting of internal Executive Branch guidelines, procedures, and training materials for government personnel on implementation of section 215 authority, either undated or ranging in date from August 2006 to June 2011, and totaling 931 pages.

9.      In addition to the documents identified by NSD, the Department of Justice's Office of Information Policy referred one document to NSD for classification review.  The document is a letter from Ronald Weich, Associate Attorney General, Office of Legislative Affairs, to Representative John Conyers, Chairman of the House Judiciary Committee, in response to an October 5, 2009 letter to the Attorney General, from Representative Conyers, Representative Jerrold Nadler, and Representative Bobby Scott, regarding the reauthorization of several sections of the USA Patriot Act (the "Weich Letter").

10.      On February 8, 2013, NSD released in part 35 documents relating to Congressional reporting and supporting documentation (the "February 2013 Release").  An index of these documents is attached to this declaration as Exhibit A.  All of the redacted  information in the documents encompassing the February 2013 release is being withheld pursuant to FOIA Exemption (b)(1).

11.      All of the remaining NSD records and the Weich Letter were withheld in full pursuant to FOIA Exemption (b)(1).  For all the reasons set forth in my *ex parte, in camera* classified declaration and accompanying materials, the information in these records are currently and properly classified under Executive Order 13526.  Specifically, the withheld information contained in these records meets the criteria for classification as set forth in subparagraphs (c) and (g) of Section 1.4 of Executive Order 13526, which respectively authorize the classification of information concerning "intelligence activities (including covert action), intelligence sources or methods, or cryptology," and "vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to national security," which

includes defense against transnational terrorism.

12.     Because the withheld material is classified at the SECRET and TOP SECRET levels, its disclosure could be expected to cause serious and exceptionally grave damage to the national security of the United States, respectively.  As set forth more fully in my *ex parte, in camera* classified declaration and accompanying materials, the withheld material contains specific descriptions of the manner and means by which the United States Government acquires tangible things for certain authorized investigations pursuant to Section 215.  As such, the withheld information describes highly sensitive intelligence activities, sources and methods. Disclosure of this information would provide our adversaries and foreign intelligence targets with insight into the United States Government's foreign intelligence collection capabilities, which in turn could be used to develop the means to degrade and evade those collection capabilities.

13.     Furthermore, the classified information in the responsive document is "owned by, produced by or for, or under the control of the United States Government," as required by E.O. 13526.

14.     The withheld portions of the responsive documents that are subject to the parties' cross-motions for summary judgment contain no reasonably segregable, non-exempt information.  Any unclassified material in the relevant portions of the responsive documents, to the extent it exists, is so inextricably intertwined with the classified material that the release of any non-exempt information would produce only incomplete, fragmented, unintelligible sentences and phrases that are devoid of any meaning.  The unclassified information in the relevant portions of the responsive documents, to the extent that any exists, does not contain any meaningful information responsive to the ACLU request.

15.     In addition, as set forth more fully in my *ex parte, in camera* classified declaration and accompanying materials, some of the withheld information is also exempt from disclosure pursuant to FOIA Exemption 3.  Exemption 3 states that FOIA's disclosure provisions do not apply to matters that are specifically exempted from disclosure by statute.  In this case, the withheld information is protected by the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act ("IRTPA") of 2004, which protects intelligence sources and methods from unauthorized disclosure.  50 U.S.C. § 403-1(i)(1).

16.     As I explained in greater detail in my classified declaration submitted to the Court ex parte and in camera, providing further detail on the public record, such as a more detailed itemization or description of the withheld in full documents, would, itself, reveal some of the classified information that is exempt from disclosure under the FOIA pursuant to Exemption 1 and/or Exemption 3.

## CONCLUSION

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 8th[h] day of February 2013

Mark A. Bradley
_____
Mark A. Bradley

# ATTACHMENT A

| | | | | |
|---|---|---|---|---|
| 9/3/2009 | Submission to House and Senate Judiciary Committees, HPSCI, and SSCI Cover Letter | (b)(1), (b)(3) | | Cover letter for this submission was released | a. |
| 3/5/2009 | Submission to House and Senate Judiciary Committees, HPSCI, and SSCI from AAG for Legislative Affairs Cover Letter | (b)(1), (b)(3) | | Cover letter for this submission was released | a. |
| 2/4/2011 | Production to Congress Cover Letter | (b)(1), (b)(3) | 2 | Cover letter for this submission was released | a. |
| 8/16/2010 | Production to Congress Cover Letter | (b)(1), (b)(3) | 2 | Cover letter for this production was released | a. |
| 4/28/2006 | Annual BR Report to Congress filed pursuant to 50 U.S.C. § 1862 (for calendar year 2005) | (b)(1) | 8 | Released in Part | a. |
| 4/27/2007 | Annual BR Report to Congress filed pursuant to 50 U.S.C. § 1862 (for calendar year 2006) | (b)(1) | 8 | Released in Part | a. |
| 4/30/2008 | Annual BR Report to Congress filed pursuant to 50 U.S.C. § 1862 (for calendar year 2007) | (b)(1) | 8 | Released in Part | a. |
| filed in 2009 | Annual BR Report to Congress pursuant to 50 U.S.C. § 1862 (for calendar year 2008) | (b)(1) | 2 | Released in Part | a. |
| filed April 2010 | Annual BR Report to Congress pursuant to 50 U.S.C. § 1862 (for calendar year 2009) | (b)(1) | 1 | Released in Part | a. |
| filed April 2011 | Annual BR Report to Congress pursuant to 50 U.S.C. § 1862 (for calendar year 2010) | (b)(1) | 1 | Released in Part | a. |
| filed April 2012 | Annual BR Report to Congress pursuant to 50 U.S.C. § 1862 (for calendar year 2011) | (b)(1) | 1 | Released in Part | a. |
| Jun-06 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for July to December 2005 | (b)(1) | 5 | Released in Part | a. |
| filed December 2006 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for January to June 2006 | (b)(1) | 6 | Released in Part | a. |
| Jun-07 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for July to December 2006 | (b)(1) | 7 | Released in Part | a. |

| Date | Description | | | Status |
|---|---|---|---|---|
| Dec-07 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for January to June 2007 | (b)(1) | 6 | Released in Part a. |
| Jun-08 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for July to December 2007 | (b)(1) | 4 | Released in Part a. |
| Dec-08 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for January to June 2008 | (b)(1) | 8 | Released in Part a. |
| 2/17/2009 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for July to December 2008 | (b)(1) | 6 | Released in Part a. |
| 12/1/2009 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for January to June 2009 | (b)(1) | 3 | Released in Part a. |
| filed June 2010 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for July to December 2009 | (b)(1) | 3 | Released in Part a. |
| Dec-10 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for January to June 2010 | (b)(1) | 3 | Released in Part a. |
| Jun-11 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for July to December 2010 | (b)(1) | 3 | Released in Part a. |
| Dec-11 | Attorney General's Semiannual Report to Congress pursuant to IRTPA for January to June 2011 | (b)(1) | 3 | Released in Part a. |
| Jun-06 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for July to December 2005 (selected pages discussing use of Section 215) | (b)(1) | 6 | Released in Part a. |
| Dec-06 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for January to June 2006 (selected pages discussing use of Section 215) | (b)(1) | 5 | Released in Part a. |

| | | | | |
|---|---|---|---|---|
| Jun-07 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for July to December 2006 (selected pages discussing use of Section 215) | (b)(1) | 3 | Released in Part a. |
| Dec-07 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for January to June 2007 (selected pages discussing use of Section 215) | (b)(1) | 4 | Released in Part a. |
| Jun-08 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for July to December 2007 (selected pages discussing use of Section 215) | (b)(1) | 3 | Released in Part a. |
| Dec-08 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for January to June 2008 (selected pages discussing use of Section 215) | (b)(1) | 3 | Released in Part a. |
| 12/29/2009 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for July to December 2008 (selected pages discussing use of Section 215) | (b)(1) | 3 | Released in Part a. |
| 12/28/2009 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for January to June 2009 (selected pages discussing use of Section 215) | (b)(1) | 2 | Released in Part a. |
| Jun-10 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for July to December 2009 (selected pages discussing use of Section 215) | (b)(1) | 3 | Released in Part a. |
| Dec-10 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for January to June 2010 (selected pages discussing use of Section 215) | (b)(1) | 3 | Released in Part a. |
| Jun-11 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for July to December 2010 (selected pages discussing use of Section 215) | (b)(1) | 3 | Released in Part a. |

| | (b)(1) | 3 | Released in Part | a. |
|---|---|---|---|---|
| 12/29/2011 | Attorney General's Semiannual Report to Congress on Electronic Surveillance and Physical Search under FISA for January to June 2011 (selected pages discussing use of Section 215) | | | |