UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN CIVIL LIBERTIES
UNION, *et al.*,

        Plaintiffs,

        v.

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

        Defendants.

11 Civ. 7562 (WHP)

ECF Case

---

## DECLARATION OF EMILY E. DAUGHTRY

Emily E. Daughtry declares pursuant to the provisions of 28 U.S.C. § 1746 as follows:

1. I am an Assistant United States Attorney in the Office of Preet Bharara, United States Attorney for the Southern District of New York, attorney for the defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") (together, the "Government" or the "United States") in the above-captioned litigation. I respectfully submit this declaration in support of the Government's Motion for Summary Judgment.

2. Attached as Exhibit 1 is a true and correct copy of a stipulation, approved by the Court on December 9, 2011.

3. Attached as Exhibit 2 is a true and correct copy of an email from Alexander Abdo, Esq. to Assistant U.S. Attorneys John Clopper and Emily Daughtry, dated December 13, 2013.

4. Attached as Exhibit 3 is a true and correct copy of a letter, dated October 1, 2012, from Assistant U.S. Attorney John Clopper to Stuart Youngs, Esq., and attachments.

5.   Attached as Exhibit 4 is a true and correct copy of an email, dated July 25, 2012, from Assistant U.S. Attorney John Clopper to Stuart Youngs, Esq.

6.   Attached as Exhibit 5 is a true and correct copy of an email, dated January 24, 2013, from Alexander Abdo, Esq. to Assistant U.S. Attorney Emily Daughtry.

Dated: New York, New York
       February 8, 2013

_____
EMILY E. DAUGHTRY
Assistant United States Attorney

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/9/11
```



CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

        *Plaintiffs*,

v.

FEDERAL BUREAU OF INVESTIGATION,
UNITED STATES DEPARTMENT OF JUSTICE,

        *Defendants*.

ECF Case

11 Civ. 7562 (WHP)

**STIPULATION AND ORDER**
**REGARDING FOIA REQUEST**

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.   12/9/11

    Plaintiffs the American Civil Liberties Union and the American Civil Liberties Union Foundation ("Plaintiffs") and Defendants Federal Bureau of Investigation and United States Department of Justice hereby stipulate to the following regarding Plaintiffs' request made pursuant to the Freedom of Information Act ("FOIA"), dated May 31, 2011 (the "FOIA Request"), and the subject of the above-captioned action:

    1.    The FOIA Request is limited to documents memorializing the following:

        a.    Legal opinions or memoranda concerning or interpreting Section 215 of the USA PATRIOT Act ("Section 215");

        b.    Guidelines for government personnel regarding the use of Section 215;

        c.    Reports provided to Congress by the Federal Bureau of Investigation or Department of Justice concerning or memorializing the Executive Branch's interpretation or use of Section 215;

        d.    Rulings, opinions or memoranda of the Foreign Intelligence Surveillance Court ("FISC") concerning or interpreting Section 215; and

  e. Legal opinions or memoranda concerning or interpreting rulings, opinions, or memoranda of the FISC interpreting Section 215.

2. Drafts of documents listed in Paragraph 1 are excluded from the FOIA Request.

3. Acquisition applications or supporting documentation submitted to the FISC are excluded from the FOIA Request.

4. Electronic mail messages are excluded from the FOIA Request.

5. With respect to the Office of Legal Counsel ("OLC"), the FOIA Request is limited to OLC legal opinions and memoranda concerning or interpreting Section 215.

6. Records located with or in the possession of the Department of Justice Office of Public Affairs are excluded from the FOIA Request.

7. On or before March 15, 2012, Defendants will process and produce to Plaintiffs any responsive documents, or notify Plaintiffs of the complete or partial withholding of such documents, if any, pursuant to any applicable FOIA exemptions.

8. Within 21 days of the completion of the productions and notifications set forth in Paragraph 7, above, the parties will meet and confer regarding the documents withheld in whole or in part by Defendants, and Plaintiffs will notify Defendants whether they wish to object to any of the withholdings. In the event Plaintiffs object, the parties will discuss a scheduling order for whether, how, or when Defendants will provide an index of partially or completely withheld documents pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

Dated: New York, New York
December 7, 2011

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
Attorney for Plaintiffs

By: /s/ Charles A. Sims
Charles A. Sims
Richard Haddad
PROSKAUER ROSE
Eleven Times Square
New York, New York 10036
Tel.: (212) 969-3549
Fax: (212) 969-2900
Email: csims@proskauer.com
rhaddad@proskauer.com

Dated: New York, New York
December 7, 2011

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By: /s/ John D. Clopper
JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2716
Fax: (212) 637-0033
Email: john.clopper@usdoj.gov

SO ORDERED.

Dated: New York, New York
_____, 2011

_____
WILLIAM H. PAULEY, U.S.D.J

3

**Clopper, John (USANYS)**

| | |
|---|---|
| **From:** | Alexander Abdo <aabdo@aclu.org> |
| **Sent:** | Thursday, December 13, 2012 2:12 PM |
| **To:** | Clopper, John (USANYS); Daughtry, Emily (USANYS) |
| **Cc:** | syoungs@proskauer.com |
| **Subject:** | ACLU Section 215 FOIA |
| | |
| **Categories:** | ACLU Section 215 |

John and Emily,

Please consider this our notification to you of our challenges to the government's withholdings in this case for purposes of our upcoming summary-judgment briefing.

As an initial matter, we do not challenge the withholding of any of the information contained within the documents that have already been released in part.

Rather, we challenge only the following categories of documents that have been withheld in full:

1. From the FBI's *Vaughn*:
    1. BR Request Form-04132010 Pgs. 4–7
    2. Business Records Request Pgs. 3–7
    3. FBRR Request Pgs. 2–6
    4. FISA BR Order- Kicksheet Pgs. 1–3
    5. FISA BR Request- Kicksheet Pg. 1
    6. Processing Procedures-Kick sheet Pgs. 1–4
2. From the NSD's *Vaughn*:
    1. All categories, although we may narrow this challenge depending on the upcoming release of materials in the first category.
3. From the OIP's *Vaughn*:
    1. Document 1
4. From the OLC's *Vaughn*:
    1. The Census Act memo.

As we suggested before, however, we are not interested in challenging the withholding of all information in these categories of documents. Rather, we seek the disclosure only of any information in the above categories of information that would reveal either (a) the types of information or "tangible things" that the government believes Section 215 authorizes it to collect, or (b) the nature of the relevance standard that the government or the FISA Court uses to determine whether an application under Section 215 is valid.

We do *not* not challenge, however, the withholding of information (even if it satisfies either of the criteria above) that would disclose the targets of a Section 215 order or the type of information that the government has sought or is seeking in a particular Section 215 application. Plaintiffs also do not seek information about the specific technologies that the government uses to collect the types of information it believes Section 215 authorizes it to collect.

For example, if a document contains the types of information that the government believes it may collect under Section 215, Plaintiffs seek disclosure of the relevant portions of that document. If the document describes the government's selection of one or more of those types of information in a particular investigation, however, Plaintiffs only seek disclosure of that record to the extent the description of the types of information that may be collected under Section 215 can be segregated from the particular investigation discussed in the document.

Similarly, if a document describes the government's legal authority to collect a specific type of information but does not disclose any actual investigations seeking that information, Plaintiffs challenge that withholding.

Thanks, and if we can clarify any aspect of this to facilitate and streamline our upcoming briefing, please let us know.

Alex

Alex A. Abdo
Staff Attorney, National Security Project
American Civil Liberties Union
125 Broad St., 18th Fl., New York, NY 10004
■ 212.549.2517 ■ aabdo@aclu.org
www.aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

October 1, 2012

**BY E-MAIL AND FIRST CLASS MAIL**
Charles Sims
Stuart Andrew Youngs
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

Re:   *ACLU et al. v. FBI et al.*, 11 Civ. 07562 (WHP)

Dear Counsel:

Enclosed please find the following, provided pursuant to the Court's Order, dated July 24, 2012, in the above-referenced case:

1) A draft index of the those documents that have been withheld in full by the Federal Bureau of Investigation ("FBI"), set forth as Exhibit A;

2) A draft summary of the four categories of documents that have been withheld in full by the National Security Division of the Department of Justice ("NSD"), set forth as Exhibit B; and

3) A draft index of those documents that have been withheld in full by the Office of Information Policy of the Department of Justice ("OIP"), set forth as Exhibit C.

These materials are being provided for settlement purposes only. If you have any questions, please do not hesitate to contact us.

Sincerely,

PREET BHARARA
United States Attorney

By:   /s/
JOHN D. CLOPPER
EMILY DAUGHTRY
Assistant United States Attorneys
Telephone: (212) 637-2716 (Clopper)
Telephone: (212) 637-2777 (Daughtry)

Daughtry Declaration Exhibit 3

        Facsimile: (212) 637-0033
        john.clopper@usdoj.gov
        emily.daughtry@usdoj.gov

Enclosures

# EXHIBIT A: FBI DRAFT INDEX

**AMERICAN CIVIL LIBERTIES UNION v. DOJ, *et al.*, Civ. A. No. 11–cv-07562 (S.D.N.Y.):**

| Release and Folder Location | Document Date(s) | Document Description | Exemption(s) |
|---|---|---|---|
| **Second Release – April 15, 2012** | | | |
| FISA Business Records Request Pgs. 14-17 | Document not dated | Procedure for requesting access to business records | (b)(7)(E) |
| FISA Business Records Request Pgs. 67-70 | 3/17/2011 | Sample Certificate of Service and a Custodial Trust Receipt form | (b)(6), (b)(7)(C) and (b)(7)(E) |
| **Third Release – May 15, 2012** | | | |
| BR Request Form-04132010 Pgs. 4-7 | 4/13/2010 | Instructions and form used in making a business records request | (b)(7)(E) |
| Business Records Request Pgs. 3-7 | 3/22/2006 | Instructions and form used in making a business records request | (b)(7)(E) |
| FBRR Outline Pg. 6 | Document not dated | Document outlining FBI's standard minimization procedures in obtaining tangible things | (b)(1), (b)(7)(E) |
| FBRR Request Pgs. 2-6 | Document not dated | Instructions and form used in making a business records request | (b)(6), (b)(7)(C) and (b)(7)(E) |
| FISA BR Order- Kicksheet Pgs. 1-3 | Document not dated | FBI policy for securing electronic records | (b)(1) |
| FISA BR Request- Kicksheet Pg. 1 | Document not dated | Form outlining procedures for obtaining a business record order | (b)(7)(E) |

This draft index is submitted in response to plaintiff's request, via defendant's counsel, for an index of those pages which the FBI initially withheld in full in accordance with applicable Freedom of Information Act ("FOIA") exemptions.

Daughtry Declaration Exhibit 3

# EXHIBIT A: FBI DRAFT INDEX

### AMERICAN CIVIL LIBERTIES UNION v. DOJ, *et al.*, Civ. A. No. 11–cv-07562 (S.D.N.Y.):

| | | | |
|---|---|---|---|
| Impact of PA-Kick sheet Pg. 2 | Document not dated | Impact of Patriot Act Information Reauthorization | (b)(5), (b)(7)(E) and Out of Scope[1]* |
| Impact of Patriot Act- Kicksheet | Document not dated | Impact of Patriot Act Information Reauthorization | (b)(5), (b)(7)(E) and Out of Scope* |
| OIG Feedback-Kick sheet Pgs. 2-11 | 9/16/2009 | Memorandum from OIG providing analysis on the FBI's response to OIG recommendations in the report entitled, "A Review of the FBI's Use of Section 215 Orders for Business Records in 2006" | (b)(5), (b)(6), (b)(7)(C) |
| Processing Procedures-Kick sheet Pgs. 1-4 | 12/22/2010 | Memorandum on procedures for obtaining electronic records | (b)(1) |
| **PREPROCESSED MATERIAL FOIA NO. 1138791** | | | |
| PDF Page 33 (Pgs. 60-61) | 03/18/2009 | Document highlighting the three sunset provisions. Provides statistics on the use of business records. | (b)(5) |

---

[1]  During its review and processing of the material in this case, the FBI determined that portions of this document (and all other documents in this Index which have an "Outside the Scope*" description accompanying them), were not responsive to the request and were thus withheld as "out of scope" rather than pursuant to a FOIA exemption.

This draft index is submitted in response to plaintiff's request, via defendant's counsel, for an index of those pages which the FBI initially withheld in full in accordance with applicable Freedom of Information Act ("FOIA") exemptions.

# Exhibit B:  National Security Division Documents

I. <u>Congressional reporting and supporting documentation:</u>

- Sixteen (16) documents, ranging in date from January 2007 to September 2011, totaling 676 pages, which include materials sent to the House Permanent Select Committee on Intelligence ("HPSCI"), Senate Select Committee on Intelligence ("SSCI"), House Judiciary Committee, and/or the Senate Judiciary Committee. These documents are being withheld pursuant to FOIA Exemption 1, 5 U.S.C. § 552 (b)(1).
- In addition, forty-two (42) documents, ranging in date from December 2005 to June 2012, totaling 1450 pages, and submitted to Congress by the Attorney General as required by the Foreign Intelligence Surveillance Act of 1978, as amended, and the Intelligence Reform and Terrorism Prevention Act of 2004. These documents are being withheld pursuant to FOIA Exemption 1, 5 U.S.C. § 552 (b)(1).

II. <u>Materials submitted to, or opinions and/or orders issued by, the Foreign Intelligence Surveillance Court:</u>

- Legal memoranda submitted by the Government to, and opinions and/or orders issued by, the Foreign Intelligence Surveillance Court between February 2006 to February 2011.  These documents are being withheld pursuant to FOIA Exemption 1, 5 U.S.C. § 552 (b)(1).

III. <u>Internal Executive Branch communications and analysis:</u>

- Seven (7) documents consisting of internal Executive Branch communications, memoranda, and/or analysis, either undated or ranging in date from July 2006 to August 2008, and totaling sixty-nine (69) pages. These documents are being withheld pursuant to FOIA Exemption 1, 5 U.S.C. § 552 (b)(1) and (b)(5).

IV. <u>Guidelines and training documents:</u>

- Thirty-one (31) documents consisting of internal Executive Branch guidelines, procedures, and training materials for government personnel on implementation of section 215 authority, either undated or ranging in date from August 2006 to May 2011, and totaling 771 pages.  These documents are being withheld pursuant to FOIA Exemption 1, 5 U.S.C. 552 (b)(1).

# EXHIBIT C:  OIP DRAFT INDEX

American Civil Liberties Union v. U.S. Department of Justice
Civil Action No. 1:11-CV-07562 (WHP)
U.S. District Court for the Southern District of New York

This index contains a description of the ten pages of records protected in full by OIP, pursuant to Freedom of Information Act Exemption 1 (national security) or 5 (deliberative process privilege).

| Document Numbers | Date | Description | Exemption | Pages |
|---|---|---|---|---|
| 1 | 12/17/09 | Classified letter from Ronald Weich, Associate Attorney General, Office of Legislative Affairs, to Representative John Conyers, Chairman of House Judiciary Committee, in response to an October 5, 2009 letter to the Attorney General, from Representative Conyers, Representative Jerrold Nadler, and Representative Bobby Scott, regarding the reauthorization of several sections of the USA PATRIOT Act.  (Documents 2 and 3 below are identical to Document 1, except for the addressee.  Additionally, the October 5, 2009 letter was released to Plaintiff on March 15, 2012.) | Exemption 1 (National security information) | 2 |
| 2 | 12/17/09 | Classified letter from Ronald Weich, Associate Attorney General, Office of Legislative Affairs, to Representative Jerrold Nadler, Chairman of the House Subcommittee on the Constitution, Civil Rights and Civil Liberties, in response to an October 5, 2009 letter to the Attorney General, from Representative John Conyers, Representative Nadler, and Representative Bobby Scott, regarding the reauthorization of several sections of the USA PATRIOT Act (the October 5, 2009 letter was released to Plaintiff). | Exemption 1 (National security information) | 2 |
| 3 | 12/17/09 | Classified letter from Ronald Weich, Associate Attorney General, Office of Legislative Affairs, to Representative Bobby Scott, Chairman of House Subcommittee on Crime, Terrorism and Homeland Security, in response to an October 5, 2009 letter to the Attorney General, from Representative John Conyers, Representative Jerrold Nadler, and Representative Scott, regarding the reauthorization of several sections of the USA PATRIOT Act (the October 5, 2009 letter was released to Plaintiff). | Exemption 1 (National security information) | 2 |
| 4 | (undated) | Briefing material for the Attorney General entitled "USA PATRIOT Act/FISA Authorities Renewal" containing talking points regarding the Department's views concerning the renewal of the three Foreign Intelligence Surveillance Act (FISA) provisions scheduled to sunset on May 27, 2011 | Exemption 5 (Deliberative process privilege) | 4 |

# Clopper, John (USANYS)

| | |
|---|---|
| **From:** | Clopper, John (USANYS) |
| **Sent:** | Wednesday, July 25, 2012 4:54 PM |
| **To:** | Stuart A. Youngs (syoungs@proskauer.com) |
| **Cc:** | Daughtry, Emily (USANYS) |
| **Subject:** | ACLU Section 215:  OLC document descriptions |
| | |
| **Categories:** | ACLU Section 215 |

Stuart,

Below are descriptions of the two responsive documents located by the Office of Legal Counsel:

1) Legal memorandum prepared by OLC providing legal advice to the Department of Commerce regarding the interaction between disclosure provisions in the Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub. L. No. 107-56, 115 Stat. 272, as amended ("Patriot Act"), and prohibitions on disclosure in the Census Act, 13 U.S.C. §§ 8, 9, 214 (2006).  The memorandum does not describe or analyze the application of section 215 in the context of any particular national security investigation or program.

2) File memorandum addressing interpretation of the sunset provision then applicable to Section 215 of the Patriot Act.  The memorandum does not describe or analyze the application of section 215 in the context of any particular national security investigation or program, and does not contain any legal analysis of the substantive scope of Section 215 of the Patriot Act.

Thanks very much.

John

_____
**John Clopper** • Assistant U.S. Attorney • (212) 637-2716 • john.clopper@usdoj.gov

Daughtry Declaration Exhibit 4

**Clopper, John (USANYS)**
___

| | |
|---|---|
| **From:** | Alexander Abdo <aabdo@aclu.org> |
| **Sent:** | Thursday, January 24, 2013 2:25 PM |
| **To:** | Daughtry, Emily (USANYS); Clopper, John (USANYS) |
| **Cc:** | syoungs@proskauer.com |
| **Subject:** | RE: ACLU Section 215 FOIA |
| | |
| **Categories:** | ACLU Section 215 |

That's correct, Emily. We are not challenging the withholding of any names or other personally identifying information withheld pursuant to Exemptions 6 or 7(c).

Thanks,
Alex

___

**From:** Daughtry, Emily (USANYS) [mailto:Emily.Daughtry@usdoj.gov]
**Sent:** Thursday, January 24, 2013 2:21 PM
**To:** Alexander Abdo; Clopper, John (USANYS)
**Cc:** syoungs@proskauer.com
**Subject:** RE: ACLU Section 215 FOIA

Alex,

Can you please confirm that ACLU is not challenging the withholding of any names or other personally identifying information pursuant to exemptions 6 and/or 7(c), even if it appears in the documents, or categories of documents, that you identified below?

Thanks,
Emily

___

**From:** Alexander Abdo [mailto:aabdo@aclu.org]
**Sent:** Thursday, December 13, 2012 2:12 PM
**To:** Clopper, John (USANYS); Daughtry, Emily (USANYS)
**Cc:** syoungs@proskauer.com
**Subject:** ACLU Section 215 FOIA

John and Emily,

Please consider this our notification to you of our challenges to the government's withholdings in this case for purposes of our upcoming summary-judgment briefing.

As an initial matter, we do not challenge the withholding of any of the information contained within the documents that have already been released in part.

Rather, we challenge only the following categories of documents that have been withheld in full:

1. From the FBI's *Vaughn*:
   1. BR Request Form-04132010 Pgs. 4–7

   2. Business Records Request Pgs. 3–7
   3. FBRR Request Pgs. 2–6
   4. FISA BR Order- Kicksheet Pgs. 1–3
   5. FISA BR Request- Kicksheet Pg. 1
   6. Processing Procedures-Kick sheet Pgs. 1–4
2. From the NSD's *Vaughn*:
   1. All categories, although we may narrow this challenge depending on the upcoming release of materials in the first category.
3. From the OIP's *Vaughn*:
   1. Document 1
4. From the OLC's *Vaughn*:
   1. The Census Act memo.

As we suggested before, however, we are not interested in challenging the withholding of all information in these categories of documents. Rather, we seek the disclosure only of any information in the above categories of information that would reveal either (a) the types of information or "tangible things" that the government believes Section 215 authorizes it to collect, or (b) the nature of the relevance standard that the government or the FISA Court uses to determine whether an application under Section 215 is valid.

We do *not* not challenge, however, the withholding of information (even if it satisfies either of the criteria above) that would disclose the targets of a Section 215 order or the type of information that the government has sought or is seeking in a particular Section 215 application. Plaintiffs also do not seek information about the specific technologies that the government uses to collect the types of information it believes Section 215 authorizes it to collect.

For example, if a document contains the types of information that the government believes it may collect under Section 215, Plaintiffs seek disclosure of the relevant portions of that document. If the document describes the government's selection of one or more of those types of information in a particular investigation, however, Plaintiffs only seek disclosure of that record to the extent the description of the types of information that may be collected under Section 215 can be segregated from the particular investigation discussed in the document.

Similarly, if a document describes the government's legal authority to collect a specific type of information but does not disclose any actual investigations seeking that information, Plaintiffs challenge that withholding.

Thanks, and if we can clarify any aspect of this to facilitate and streamline our upcoming briefing, please let us know.

Alex

Alex A. Abdo
Staff Attorney, National Security Project
American Civil Liberties Union
125 Broad St., 18th Fl., New York, NY 10004
■ 212.549.2517 ■ aabdo@aclu.org
www.aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

3

Daughtry Declaration Exhibit 5