IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>    Plaintiffs,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendants. | Civil Action No. 1:11-cv-07562-WHP |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section (RIDS), Records Management Division (RMD), formerly at the Federal Bureau of Investigation Headquarters (FBIHQ) in Washington, D.C., and currently relocated to Winchester, Virginia.   I have held this position since August 1, 2002.   Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law.   In that capacity, I had direct oversight of Freedom of Information Act (FOIA) policy, procedures, appeals, and litigation for the Navy.   From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters.   I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 276 employees who staff a total of ten (10) FBIHQ units and two (2) field operational service center

units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA, as amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.   My responsibilities also include the review of FBI information for classification purposes, as mandated by Executive Order 13526[1], and the preparation of declarations in support of FOIA Exemption 1 claims asserted under the FOIA.[2]   I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 13526 §§ 1.3 and 3.1.   The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.   Specifically, I am aware of the FBI's response to plaintiffs' FOIA request.

(4)     The FBI submits this declaration in support of its motion for summary judgment, and will provide the Court and plaintiffs with an explanation of the withholding of information from these documents and the justifications in accordance with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), pursuant to FOIA Exemptions (b)(1) and (b)(7)(E), 5 U.S.C. § 552 (b)(1) and (b)(7)(E).

---

1 75 Fed. Reg. 707 (2010).
2 5 U.S.C. § 552 (b)(1).

## USA PATRIOT ACT, SECTION 215

(5)     The central subject of plaintiffs' FOIA request is the FBI's use and interpretation of Section 215 of the USA PATRIOT Act.[3]  This particular section of the act did not create any new investigative authority on the part of the FBI, but instead expanded the already existing authority found in the Foreign Intelligence Surveillance Act ("FISA") of 1978.[4]  Originally, FISA required the FBI to apply to the Foreign Intelligence Surveillance Court ("FISA Court") for orders that would allow the FBI to conduct electronic surveillance for the purpose of collecting foreign intelligence information.[5]  In 1998, Congress amended FISA allowing the FBI to apply to the FISA Court for business records orders that would compel four types of businesses to release records in its possession.  Those businesses included:   common carriers; public accommodation facilities; physical storage facilities; and vehicle rental facilities.   The amendment was codified in 50 U.S.C. § 1861 and became known as the "business records" provision.  Section 215 of the USA PATRIOT Act expanded the provision and allows the FBI (1) to obtain "any tangible things," including books, records, paper documents, and other items, from any business, organization, or entity provided the item or items are for an authorized investigation to obtain foreign intelligence information not concerning a United States person, or (2) to protect against international terrorism or clandestine intelligence activities provided such investigation of a United States person is not conducted solely upon the basis of activities protected by the First Amendment to the Constitution.

---

3  The term "USA PATRIOT Act" is an acronym for the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub. L. No. 107-56, 115 Stat. 272 (2001).   It is commonly referred to as "the Patriot Act."
4  50 U.S.C. § 1801 et seq.
5  Applications for FISA orders were prepared and presented to the FISA Court by the Office of Intelligence Policy and Review ("OIPR").

(6)     Section 215 of the USA PATRIOT Act is an indispensable investigative tool that continues to serve as a building block in many of the FBI's counterterrorism and counterintelligence investigations.   Section 215 business records orders have resulted in numerous benefits by providing the FBI with valuable substantive information in connection with investigations.   The records collected have either confirmed prior investigative information or have contributed to the development of additional investigative information, and have been valuable in providing investigative leads.   Overall, Section 215 has been a vital tool in combating terrorism, and ensuring the safety and security of the United States.

## CHRONOLOGY OF PLAINTIFFS' FOIA REQUEST

(7)     Set forth below is a chronology and description of correspondence concerning plaintiffs' FOIA request which is the subject of this litigation.   Copies of the correspondence are attached hereto as **Exhibits A-I**.

(8)     By letter dated May 31, 2011, plaintiffs submitted a FOIA Act request to FBIHQ seeking access to the following:

> "...any and all records concerning the government's interpretation or use of Section 215, including but not limited to:   legal opinions or memoranda interpreting that provision; guidelines informing government personnel how that provision can be used; records containing statistics about the use or misuse of the provision; reports provided by the executive branch to Congress relating to the executive's interpretation, use, or misuse of the provision; forms used by executive agencies in connection with the use of Section 215; and legal papers filed by the government or any other party in the Foreign Intelligence Surveillance Court, and opinions of that court, pertaining to the interpretation, use, or proposed use of Section 215."

The plaintiffs sought "...only those records drafted, finalized, or issued after March 9, 2006."   Plaintiffs also requested expedited processing under 28 C.F.R. § 6.5(d)(1)(ii) and

(iv) and status as a "news media" requester pursuant to the FOIA and 28 C.F.R. §§ 16.11(b)(6) and (d)(1).   Additionally, plaintiffs requested a fee waiver under 5 U.S.C. § 552(a)(4)(a)(iii) and 28 C.F.R. § 16.11 (k)(1) on the grounds that disclosure of the requested information is in the public interest.   **(See Exhibit A).**

(9)     In a letter dated June 6, 2011, the Department of Justice's Office of Information Policy (OIP) granted plaintiffs' expedited processing request and forwarded its response to the FBI.   **(See Exhibit B)**.

(10)     By letter dated June 8, 2011, the FBI acknowledged receipt of plaintiffs' request to FBIHQ and assigned it FOIA Request Number 1167461-000.   The FBI advised plaintiffs it was searching the indices of the Central Records System ("CRS") for the requested information, and consideration was being given to plaintiffs' request for a fee waiver.[6]   **(See Exhibit C).**

(11)     In a letter dated June 8, 2011, the FBI acknowledged plaintiffs' request for expedited processing.[7]   The FBI did not make a decision on the request for expedited processing because OIP had adjudicated the request and granted it.   **(See Exhibit D).**

(12)     In a letter dated July 6, 2011, the FBI denied plaintiffs' request for a fee waiver on the grounds that plaintiffs had not satisfied a requirement.   The FBI stated that plaintiffs failed to demonstrate how disclosure of the information is likely to contribute to an "understanding of government operations or activities."   In order to be granted a fee waiver or a reduction in fees, two requirements must be satisfied.   First, the requester must establish that "disclosure of the

---

6 The FBI's letter was created and stored electronically in the FBI's FOIA Document Processing System in Corel WordPerfect format.   As of October 1, 2012, the FBI no longer utilizes WordPerfect, and consequently, the letter has been electronically converted to Microsoft Word so it could be printed and included as an exhibit.   Although there might be minor formatting differences, the letter's substance is identical to that released to plaintiff.
7 See supra fn. 6.

[requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." Second, the requester must also demonstrate that "disclosure of the information…is not primarily in the commercial interest of the requester." See 28 C.F.R. § 552(a)(4)(A)(ii). A fee waiver is not warranted under the statute if one or both requirements are not met. In determining if the first requirement has been met, the FBI considered the following four factors: (1) whether the subject of the requested records concerns "the operations or activities of the government;" (2) whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) whether disclosure of the requested information will contribute to "public understanding;" and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities. See 28 C.F.R. § 16.11(k)(2). The FBI concluded the second factor of the first requirement (disclosure is likely to contribute to an understanding of government operations) had not been met because "…a significant amount of information about Section 215 of the United States Patriot Act has been previously disseminated to the public." Lastly, plaintiffs were advised of its right to appeal within sixty (60) days from the date of the letter by writing to OIP.[8]  **(See Exhibit E)**.

   (13) On October 26, 2011, plaintiffs filed a Complaint in the United States Court for the Southern District of New York.

## EXPLANATION OF THE CENTRAL RECORDS SYSTEM

   (14) The Central Records System (CRS), which is utilized to conduct searches in response to FOIA and Privacy Act requests, enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The

---

8 See supra fn. 6.

records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes and national security investigations. This system consists of a numerical sequence of files broken down according to subject matter. The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ. Records that are pertinent to specific field offices of the FBI are maintained in those field offices. Although the CRS is primarily designed to serve as an investigative tool, the FBI utilizes the CRS to conduct searches that are likely to yield documents responsive to FOIA and Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System (ACS).

(15)    The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[9] Entries in the General Indices fall into two categories:

(a)    A main entry -- A main entry, or main file, carries the name corresponding with a subject of a file contained in the CRS.

(b)    A reference entry -- A Reference entry, sometimes called a cross-reference, is generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another main file on a different subject matter.

(16)    Access to the CRS files in FBI field offices is also obtained through the General Indices (automated and manual), which are likewise arranged in alphabetical order, and consist of an index on various subjects, including the names of individuals and organizations. Searches made in the General Indices to locate records concerning a particular subject, such as U.S.

---

9  The General Indices, which became fully automated on September 24, 1987, also include Index cards which allow a manual search for records prior to that date.

PATRIOT Act, are made by searching the subject requested in the index.   FBI field offices have automated indexing functions.

(17)   On or about October 16, 1995, the ACS system was implemented for all field offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated.   Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched.   Over 105 million records from the CRS were converted from automated systems previously utilized by the FBI.   Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS.

(18)   ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

> (a)   Investigative Case Management (ICM) -- ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads.   The Office of Origin (OO), which sets leads for itself and other field offices, as needed, opens a case.   The field offices that receive leads from the OO are referred to as Lead Offices (LOs) - formerly known as Auxiliary Offices.   When a case is opened, it is assigned a Universal Case File Number (UCFN), which is utilized by all FBI field offices, Legats, and FBIHQ that are conducting or assisting in the investigation.   Using a fictitious file number 111-HQ-12345 as an example, an explanation of the UCFN is as follows:   111 indicates the classification for the specific type of investigation; HQ is the abbreviated form used for the OO of the investigation, which in this case is FBIHQ; and 12345 denotes the individual case file number for the particular investigation.

> (b)   Electronic Case File (ECF) -- ECF serves as the central electronic repository for the FBI's official text-based documents.   ECF supports the universal serial concept, in that only the creator of a document serializes it into a file.   This provides a single-source entry of serials into the computerized ECF system.   All <u>original</u> serials are maintained in the OO case file.

> (c)   Universal Index (UNI) -- UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases.

Only the OO is required to index; however, the LOs may index additional information as needed.   UNI, an index of approximately 115.4 million records, functions to index names to cases, and to search names and cases for use in FBI investigations.   Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(19)     The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent (SA) assigned to work on the investigation, the Supervisory SA (SSA) in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval.   Without a key (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., U.S. PATRIOT Act.

**SEARCHES FOR RECORDS RESPONSIVE TO PLAINTIFFS' REQUEST**

(20)     Plaintiffs' FBIHQ request dated May 31, 2011, and assigned FOIA Number 1167461-000, sought records pertaining to Section 215 of the U.S. PATRIOT Act.   See ¶ 8.

(21)     In response to plaintiffs' request for information, the FBI employed two search mechanisms in an effort to identify responsive records.   The FBI (1) conducted a standard search for records in the CRS; and (2) performed an individualized inquiry by contacting various divisions within FBIHQ who were most likely to have potentially responsive records.

(22)    On June 17, 2011, the FBI conducted a search of the CRS to locate any main investigatory files or references maintained at FBIHQ using multiple variations of the term, "U.S. Patriot Act," including "USA Patriot Act Section 215," "USA PATRIOT ACT," "US Patriot Act," and "Patriot Act."   The date parameters for the search were March 9, 2006 to June 17, 2011 – the search cut-off date of the request.   The FBI identified 32 potentially responsive files as a result of the CRS search.   Each file was reviewed and none of the files were responsive to the request.

(23)    The FBI also conducted an individualized inquiry into various offices, sections and divisions at FBIHQ.   On September 28, 2011, the FBI prepared and circulated an Electronic Communication ("EC") to FBIHQ's divisions that were most likely to possess records responsive to plaintiffs' FOIA request.[10]   These divisions included the Office of the Director, Office of Congressional Affairs ("OCA"), Office of General Counsel ("OGC")[11], and the National Security Law Branch ("NSLB").[12]   The EC detailed all eight items of interest from plaintiffs' request and instructed all personnel within each division to conduct a thorough search for any documents in their possession, including emails and draft documents, which could be responsive.

(24)    A second individualized inquiry was performed on December 16, 2011.   The search included the following:   the Office of the Director; NSLB; and OCA.   Lastly, an email was sent on December 16, 2011 to each Chief Division Counsel ("CDC")[13] at the 56 Field Offices requesting any documents within their office concerning legal guidance or any interpretation that has been provided with respect to Section 215 of the USA PATRIOT Act.   All of the divisions and each of the 56 Field Offices responded.   The information provided consisted of presentations, ECs, memorandums,

---

10 An EC is the way the FBI communicates internally.
11 Within OGC, NSLB received a separate EC.
12 NSLB is a branch of OGC, but received a separate EC due to the nature of the request.
13 The CDC provides legal advice and support to the Special Agent in Charge of a Field Office.

transcripts of Congressional hearings, emails, and information sheets.    All material was reviewed for

responsiveness and the non-exempt information from the responsive records was released to the

requester.

## EXPLANATION OF CODED FORMAT USED
## FOR THE JUSTIFICATION OF DELETED MATERIAL

(25)    The FBI processed and made interim releases on March 15th, April 11th, and May 15,

2012 as required by the Stipulation and Order dated December 9, 2011.[14]    A supplemental release

was also made on August 20, 2012, and consisted of material that was omitted inadvertently from

previous releases.[15]    **(See Exhibit F)**.    Each page of the release is numbered with a specific

Bates-stamp number in the lower right-hand corner to identify the page, *e.g.*, ACLU Sect. 215-1450.

(26)    This declaration is accompanied by, and incorporates by reference a Vaughn Index

(hereinafter "index") that provides a detailed description of the withheld material that is currently at

issue in this case.[16]    The index specifies the relevant page ranges, dates of records (if any), and the

applicable exemptions.    **(See Exhibit G)**.

(27)    All documents have been thoroughly reviewed to achieve maximum disclosure

consistent with the access provisions of FOIA.    All withheld material is exempt from disclosure

pursuant to a FOIA exemption or is non-responsive.    This Vaughn declaration is based on documents

identified and listed in plaintiffs' email dated December 13, 2012.    **(See Exhibit H)**.    All pages have

been examined closely and will be addressed in this declaration.    The withheld-in-full pages are

represented by the insertion of a deleted page sheet.    Of the 6 documents (27 pages), 22 pages have

---

14 See supra fn. 6.
15 See supra fn. 6.
16 On December 13, 2012, the ACLU informed the Government that it was challenging the FBI's withholding of six documents.    It is these six documents that are described in the index.

been withheld in full and 5 pages withheld in part pursuant to FOIA Exemptions 1 and 7(E).  **(See Exhibit I)**.

(28)  Most withholdings of information are accompanied by a code that corresponds to the categories listed below.   For example, if "(b)(7)(E)-1" appears on the page, the "(b)(7)(E)" designation refers to "Exemption (b)(7)(E)" of the FOIA concerning "Investigative Techniques and Procedures."   The subcategory "1" narrows the main category to the more specific subcategory. The coded categories of exemptions used in the processing of documents responsive to plaintiffs' requests are as follows:

| SUMMARY OF JUSTIFICATION CATEGORIES | |
| --- | --- |
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **Category (b)(1)** | **CLASSIFIED INFORMATION** |
| **(b)(1)-1** | Information Properly Classified by an FBI Classification Authority Pursuant to Executive Order 13526 |
| **Category (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| **(b)(7)(E)-1** | Investigative Techniques and Procedures |

(29)  The remaining declaration provides a discussion of the exemptions used and identifies the specific Bates pages where such exemptions appear.   In the explanation, justification, and harm analysis of the withheld material in the discussion of the sections that follow, there are also threshold matters and several types of information contained in the documents that were commonly withheld under the same exemption(s) and/or justifications throughout the processing of the material.

I.      **EXEMPTION (b)(1)**
        **CLASSIFIED INFORMATION**

(30)    The FBI's analysis of the withholding of classified information contained in these

documents is based on the standards articulated in the FOIA statute, 5 U.S.C. § 552 (b)(1). Exemption

(b)(1) protects from disclosure those records that are:

        (A)     specifically authorized under criteria established by an Executive Order to be
                kept secret in the interest of national defense or foreign policy; and

        (B)     are in fact properly classified pursuant to such Executive Order.

(31)    Before I consider an Exemption (b)(1) claim for withholding agency records, I

determine whether the information in those records is information that satisfies the requirements of

E.O. 13526, the Executive Order which governs the classification and protection of information that

affects the national security,[17] and whether the information complies with the various substantive and

procedural criteria of the Executive Order.   E.O. 13526, which was signed by President Barack

Obama on December 29, 2009, is the Executive Order that currently applies to the protection of

national security information.   I am bound by the requirements of E.O. 13526, when making

classification determinations.

(32)    In order for information to be properly classified, and thus properly withheld from

disclosure pursuant to Exemption (b)(1), the information must meet the requirements set forth in E.O.

13526 § 1.1 (a):

        (1)     an original classification authority is classifying the information;

        (2)     the information is owned by, produced by or for, or is under the control of the
                United States Government;

---

17 Section 6.1 (cc) of E.O. 13526, defines "National Security" as "the national defense or foreign relations of the United States."

13

    (3)    the information falls within one or more of the categories of information listed in § 1.4 of this order; and

    (4)    the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.

(33)    As I will explain in further detail below, in my role as an original classification authority, I have determined that the information withheld pursuant to Exemption (b)(1) is under the control of the United States Government, is classified and requires a classification marking at the "Secret" level since the unauthorized disclosure of this information reasonably could be expected to cause serious damage to national security.   See E.O. 13526 § 1.2(a)(2).   In addition to these substantive requirements, certain procedural and administrative requirements of E.O. 13526 must be followed before information can be considered properly classified, such as, proper identification and marking of documents.   In particular, I made certain that all procedural requirements of E.O. 13526 were followed:

    (1)    each document was marked as required and stamped with the proper classification designation;

    (2)    each document was marked to indicate clearly which portions are classified, which portions are exempt from declassification as set forth in E.O. 13526 § 1.5(b);

    (3)    the prohibitions and limitations on classification specified in E.O. 13526 § 1.7 were adhered to;

    (4)    the declassification policies set forth in E.O. 13526 §§ 3.1 and 3.3 were followed; and

    (5)    any reasonably segregable portions of these classified documents that did not meet the standards for classification under E.O. 13526 were declassified and marked for release, unless withholding was otherwise warranted under applicable law.

### A.   Findings of Declarant Regarding Exemption (b)(1)

(34)    With the above requirements in mind, I personally and independently examined the FBI information withheld pursuant to Exemption (b)(1).   As a result of this examination, I determined that the classified information continues to warrant classification at the "Secret" level, and is exempt from disclosure pursuant to E.O. 13526 § 1.4 category (c) intelligence activities (including covert action), intelligence sources or methods, or cryptology as the unauthorized disclosure of information that could reasonably be expected to cause serious damage to the national security.

### B.   Intelligence Activities, Sources and Methods

(35)    E.O. 13526 § 1.4 (c) exempts intelligence activities (including covert action), intelligence sources or methods, or cryptology.   An intelligence activity or method includes any intelligence action or technique utilized by the FBI against a targeted individual or organization that has been determined to be of a national security interest.   An intelligence method is used to indicate any procedure (human or non-human) utilized to obtain information concerning such individual or organization.   An intelligence activity or method has two characteristics.   First, the intelligence activity or method – and information generated by it – is needed by U.S. intelligence/counterintelligence agencies to carry out their missions.   Second, confidentiality must be maintained with respect to the activity or method if the viability, productivity and usefulness of its information are to be preserved.

(36)    The classification redaction was made to protect from disclosure information that would reveal the actual intelligence activities and methods used by the FBI against specific targets of foreign counterintelligence investigations or operations, identify a target of a foreign

15

counterintelligence investigation, or disclose the intelligence gathering capabilities of the activities or methods directed at specific targets.   The criteria utilized in determining what actions by an individual or organization warrant the commencement of an investigation, or cause a certain activity to be given investigative attention over others, could be revealed through disclosure of these intelligence methods or activities.   The criteria applied and priorities assigned in this record is used in the FBI's present intelligence or counterintelligence investigations, and are in accordance with the Attorney General's guidelines on FBI intelligence or counterintelligence investigations.   The FBI protected information specific to intelligence activities and methods because disclosure could reasonably be expected to cause serious damage to the national security.

(37)    The information withheld on Bates pages ACLU Sect. 215-1868-70 and 1878-81 are part of two separate, but similar intra-office memoranda.   The pages have been withheld in full pursuant to Exemption (b)(1).   The contents of the memoranda contain important foreign intelligence methods and procedures used in obtaining business records orders.   The protection of this information is necessary for the success of our mission as well as for the viability, productivity, and usefulness of business records orders in our foreign intelligence investigations.   Public disclosure of the memoranda would reveal important information that is used in obtaining these orders, and its publication would disrupt current and future foreign intelligence investigations.   As a result, I have determined this information is properly classified at the "Secret" level, properly withheld pursuant to E.O. 13526 § 1.4(c), and is exempt from disclosure pursuant to FOIA Exemption (b)(1).[18]

---

[18] Exemptions (b)(1)-1 has been cited on the following pages: ACLU Sect. 215-1868-70 and 1878-81.

C.    **Defendant's Burden of Establishing**
       **Exemption (b)(1) Claims**

(38)    The information withheld in this case pursuant to Exemption 1 was examined in light of the body of information available to me concerning the national defense and foreign relations of the United States.   This information was not examined in isolation.   Instead, the information was evaluated with careful consideration given to the impact that disclosure of this information will have on other sensitive information contained elsewhere in the United States' intelligence files, including the secrecy of that other information.   Equal consideration was given to the impact that other information, either in the public domain or likely known or suspected by present or potential adversaries of the United States, would have upon the information I examined, and upon attempts by a hostile entity to analyze such information.

(39)    I have reviewed the information in my capacity as an original classifying authority and determined that the information continues to warrant classification at the "Secret" level under E.O 13526 and disclosure of the information could reasonably be expected to cause serious damage to the national security.   I have therefore invoked FOIA Exemption (b)(1) to prevent disclosure.   Likewise, the justifications for the withheld classified information have been prepared with the intent that they be read with consideration given to the context in which the classified information is found, but also other information already in the public domain, as well as information likely known or suspected by hostile intelligence entities.   It is my judgment that any greater specificity in the descriptions and justifications set forth with respect to the intelligence activities (including special activities), intelligence sources or methods, or foreign relations and activities could reasonably be expected to jeopardize the national security of the United States, and as a result, the information appearing in these documents have been appropriately classified pursuant to E.O. 13526 and withheld pursuant to

FOIA Exemption (b)(1).

## **EXEMPTION (b)(7) THRESHOLD**

(40)    Exemption (b)(7) of the FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure could reasonably be expected to cause one of the harms enumerated in the subpart of the exemption.  See 5 U.S.C. § 552(b)(7).   Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it must first demonstrate that the records or information at issue were compiled for law enforcement purposes.   Law enforcement agencies such as the FBI must demonstrate that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of that agency.    The remaining inquiry is whether the disclosure would reveal techniques and procedures used during an investigation.

(41)    All records responsive to plaintiffs' request pertain to Section 215 of the USA PATRIOT Act which is an essential investigative tool utilized by the FBI in national security investigations.   Section 215 allows the FBI access to business records through the issuance of a court order from the FISA Court.   This section of the USA PATRIOT Act allows the Director of the FBI to apply for and obtain a business records order from the FISA Court requiring a party to produce materials or records that will assist the FBI in conducting its authorized investigations in obtaining "foreign intelligence information not concerning a United States person or to protect against international terrorism or clandestine intelligence activities…"  See 50 U.S.C. § 1861(a)(1).   Thus, the documents contained in this FOIA release fall within the law enforcement duties of the FBI, and the information readily meets the threshold requirement of Exemption (b)(7).

II.    **EXEMPTION (b)(7)(E)**
       **INVESTIGATIVE TECHNIQUES AND PROCEDURES**

(42)    5 U.S.C. § 552 (b)(7)(E) provides for the withholding of:

> records or information compiled for law enforcement purposes, but only to the
> extent that the production of such law enforcement records or information...(E)
> would disclose techniques and procedures for law enforcement investigations
> or prosecutions, or would disclose guidelines for law enforcement
> investigations or prosecutions if such disclosure could reasonably be expected
> to risk circumvention of the law.

A.     **(b)(7)(E)-1**
       **Investigative Techniques and Procedures**

(43)    Exemption (b)(7)(E) has been asserted to protect techniques and procedures used by

FBI agents and support personnel in obtaining Section 215 business records orders.   A business

records order is an extremely important tool in combating terrorism and ensuring the safety of the

United States.   The order is issued by the FISA Court in cases where the FBI is conducting a foreign

intelligence investigation not concerning a United States person, or is seeking to prevent international

terrorism or clandestine intelligence activities.   The issuance of such orders permits the FBI to obtain

important records and substantive information relevant to the investigation.   If information regarding

specific techniques and procedures used in obtaining such an order become known, then individuals

engaged in terrorist activities and those who desire to bring harm to the United States could alter their

behavior in order to avoid detection.   Providing this information to the public, and ultimately to

terrorist groups would threaten the national security of the United States.[19]

(44)    Bates pages ACLU Sect. 215-1971-6; 1835-41; 1842-7; 1868-70; 1867; and 1878-81

contain information withheld pursuant to Exemption (b)(7)(E).   The withheld information is

---

19 Exemption (b)(7)(E)-1 has been cited on the following pages: ACLU Sect. 215-1971-6; 1835-41; 1842-7;
1868-70; 1867; and 1878-81.

comprised of three types of documents – several versions of a Business Records Request form,[20] an information sheet,[21] and two memoranda.[22]

(45)   The first type of document, a Business Records Request form, appears on Bates pages ACLU Sect. 215-1871-6, 1835-41, and 1842-7.   A Business Records Request is an internal document used to list important information collected from a foreign intelligence investigation.   The information is later used to draft a formal business records request that will be filed with the FISA Court.   The information on these pages has been withheld because it contains critical information that FBI agents look for when conducting a foreign intelligence investigation. Ultimately, the information collected from these investigations will be used in making a request for a business records order.   The material appearing within these documents detail the requirements, procedure, and methodology for obtaining a Section 215 order.   Releasing this material would reveal, to terrorists and others wishing to do harm to the United States, the types of information and procedures the FBI utilizes when conducting such investigations.   Revealing this information would afford individuals the opportunity to alter their behavior thereby concealing the discovery of such records, avoiding detection, and circumventing the law.   The ability of terrorist groups and other criminals to avoid detection poses a great risk to our national security.   Therefore, the information contained in these pages has been properly withheld pursuant to Exemption (b)(7)(E).

(46)   The second type is an information sheet appearing on Bates page ACLU Sect. 215-1867.   The information sheet is similar to the Business Records Request form.   See ¶ 45.   It is an internal form that poses questions about an investigation which have to be answered by the FBI

---

20  Bates pages ACLU Sect. 215-1971-6; 1835-41; and 1842-7.
21  Bates pages ACLU Sect. 215-1867.
22  Bates pages ACLU Sect. 215-1868-70 and 1878-81.

agent when preparing a business records request.   Disclosing these questions would reveal the kind of information that is important to FBI agents in foreign intelligence investigations.   Releasing this material would afford individuals the opportunity to change their behavior in order to avoid detection and subvert the law.

(47)   The third type of document consists of two memoranda appearing on Bates pages ACLU Sect. 215-1868-70 and 1878-81.   Both documents have been withheld in full.   These documents contain vital information used by FBI agents in conducting foreign intelligence investigations.   The documents detail the requirements, procedure, and methodology used in obtaining a specific type of record.   Releasing this information would reveal to terrorists, and others who wish to do harm to the United States, the kind of information that is of interest to the FBI. Revealing this information would afford such individuals the opportunity to alter their behavior in an effort to conceal the discovery of these records.   Therefore, the documents and the information contained therein have been properly withheld pursuant to Exemption (b)(7)(E).

## CONCLUSION

(48)   The FBI has processed and released all reasonably segregable information from records responsive to plaintiffs' FOIA request.   The information that was withheld and discussed in this declaration was done so pursuant to FOIA Exemptions (b)(1) and (b)(7)(E).   The FBI carefully examined the responsive documents and determined the withheld information was either classified or if disclosed, could reveal the investigative techniques and procedures used by the FBI.   Accordingly, all reasonably segregable, non-exempt information has been released in response to plaintiffs' FOIA request.

21

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through I attached hereto are true and correct copies.

Executed this ___7th___ day of February, 2013.

David M. Hardy
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11-cv-07562-WHP |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendants. | ) ) ) | |

# EXHIBIT A

NATIONAL SECURITY PROJECT



AMERICAN CIVIL LIBERTIES UNION

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

ROBERT REMAR
TREASURER

FOIA/PA Mail Referral Unit
Department of Justice
LOC Building, Room 115
Washington, DC 20530-0001

Carmen L. Mallon
Chief of Staff
Office of Information Policy
Department of Justice
        Attn: FOI/PA Request
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-0001

Office of Public Affairs
Department of Justice
950 Pennsylvania Avenue, NW., Room 1128
Washington DC 20530-0001

Federal Bureau of Investigation
Record/Information Dissemination Section
        Attn: FOI/PA Request
170 Marcel Drive
Winchester, VA 22602-4843

Elizabeth Farris,
Supervisory Paralegal
Office of Legal Counsel
Department of Justice
        Attn: FOI/PA Request
950 Pennsylvania Avenue, NW, Room 5515
Washington, DC 20530-0001

National Security Division
U.S. Department of Justice
        Attn: FOI/PA Request
950 Pennsylvania Avenue, N.W., Room 6150
Washington, D.C. 20530-0001

May 31, 2011

Dear Freedom of Information Officer,

This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). It is submitted on behalf of the American Civil Liberties Union and the American Civil Liberties Foundation (together, the "ACLU").[1]

## I. Background

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

This request pertains to the use by the Federal Bureau of Investigation ("FBI") of the powers enumerated in Pub. L. 107-56, the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act, commonly known as the USA PATRIOT Act ("PATRIOT Act"). Specifically, this request pertains to the FBI's use and interpretation of Section 215 of the PATRIOT Act, as amended, which permits the government to apply for court orders requiring the production of "tangible things."

## II. Records Requested

We request that you release to us any and all records concerning the government's interpretation or use of Section 215, including but not limited to: legal opinions or memoranda interpreting that provision; guidelines informing government personnel how that provision can be used; records containing statistics about the use or misuse of the provision; reports provided by the executive branch to Congress relating to the executive's interpretation, use, or misuse of the provision; forms used by executive agencies in connection with the use of Section 215; and legal papers filed by the government or any other party in the Foreign Intelligence Surveillance Court, and opinions of that court, pertaining to the interpretation, use, or proposed use of Section 215.

With respect to the records described above, we seek only those records drafted, finalized, or issued after March 9, 2006. We do not ask you to disclose the names or identities of those entities or individuals

---

[1] The American Civil Liberties Union Foundation is a 26 U.S.C. § 501(c)(3) organization that provides legal representation free of charge to individuals and organizations in civil rights and civil liberties cases, and educates the public about the civil liberties implications of pending and proposed state and federal legislation, provides analyses of pending and proposed legislation, directly lobbies legislators, and mobilizes its members to lobby their legislators. The American Civil Liberties Union is a separate non-profit, 26 U.S.C. § 501(c)(4) membership organization that educates the public about the civil liberties implications of pending and proposed state and federal legislation, provides analysis of pending and proposed legislation, directly lobbies legislators, and mobilizes its members to lobby their legislators.

who have been served with Section 215 orders or the names or identities of those individuals or entities about whom records have been sought, but we ask that you disclose any and all records indicating the kinds or types of information that may, as a matter of policy or law, be obtained through the use of Section 215.

With respect to the form of production, *see* 5 U.S.C. § 552(a)(3)(B), we request that responsive electronic records be provided electronically in their native file format, if possible. Alternatively, we request that the records be provided electronically in a text-searchable, static-image format (PDF), in the best image quality in the agency's possession, and that the records be provided in separate, bates-stamped files.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

If any aspect of our request is unclear, we would welcome the opportunity to clarify it. We would also welcome the opportunity to discuss an appropriate processing schedule.

### III. Application for Expedited Processing

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E); 28 C.F.R. § 16.5(d). Expedited processing is warranted because the records sought are urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity, 28 C.F.R. § 16.5(d)(1)(ii), and because the records sought relate to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," *id.* § 16.5(d)(1)(iv).

#### A. Expedited processing is warranted under 28 C.F.R. § 16.5(d)(ii)

The records requested are needed to inform the public about federal government activity. The records relate to the FBI's use of a highly controversial surveillance authority. Specifically, the records requested relate to the FBI's use of Section 215 and to the process the FBI has put in place to ensure that the FBI's use of Section 215 powers conforms to the requirements of the Constitution and statutory law. The records are urgently needed because of recent allegations by some members of the Senate Select Committee on Intelligence that the Justice Department has adopted an overly broad interpretation of Section 215,[2]

---

[2] *See* Charlie Savage, *Senators Say Patriot Act Is Being Misinterpreted*, N.Y. Times, May 26, 2011, *available at* http://www.nytimes.com/2011/05/27/us/27patriot.html; Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired.com, May 25, 2011, *available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act/; 157

and because there is an ongoing debate about the appropriate scope of the government's surveillance authorities.[3]

The ACLU is "primarily engaged in disseminating information" within the meaning of the statute and regulations. 5 U.S.C. § 552(a)(6)(E)(v)(II); 28 C.F.R. § 16.5(d)(1)(ii).  Disseminating information about government activity, analyzing that information, and widely publishing and disseminating that information to the press and public is a critical and substantial component of the ACLU's work and one of its primary activities. *See ACLU v. Dep't of Justice,* 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information" (internal citation omitted)).

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Cong. Rec. S3259-60 (daily ed. May 24, 2011), *available at* http://www.gpo.gov/fdsys/pkg/CREC-2011-05-24/pdf/CREC-2011-05-24-pt1-PgS3247-7.pdf#page=1.

[3] *See, e.g., Obama signs Patriot Act extension; will continue anti-terror surveillance powers*, Assoc. Press, May 25, 2011, *available at* http://www.washingtonpost.com/politics/senate-moves-patriot-act-toward-4-year-extension-before-thursday-midnight-deadline/2011/05/25/AGnYjXBH_story.html; *New tea party senator gets Senate's attention*, Assoc. Press, May 25, 2011, ("[Sen. Rand] Paul has delayed action on the intelligence-gathering measures, contending they should expire because the Patriot Act gives the government too much power to monitor people's lives."), *available at* http://www.foxnews.com/us/2011/05/25/new-tea-party-senator-gets-senates-attention/; Editorial, *A chance to put protections in the Patriot Act*, Wash. Post, May 25, 2011, *available at* http://www.washingtonpost.com/opinions/a-chance-to-put-protections-in-the-patriot-act/2011/05/25/AGsSPXBH_story.html; Felicia Sonmez, *Vote on Patriot Act extension delayed as Rand Paul pushes for amendment on gun rights*, Wash. Post, May 25, 2011, *available at* http://www.washingtonpost.com/blogs/2chambers/post/vote-on-patriot-act-extension-delayed-as-rand-paul-pushes-for-amendment-on-gun-rights/2011/05/25/AGhzDJBH_blog.html; David Kravets, *Lawmakers Punt Again on Patriot Act Reform*, Wired.com, May 20, 2011, *available at* http://www.wired.com/threatlevel/2011/05/patriot-act-reform/; David Kravets, *House Fails to Extend Patriot Act Spy Powers*, Kristy Sidor, *The Patriot Act Expiration Controversy*, The Observer at Boston College, Feb. 22, 2011, *available at* http://www.thebcobserver.com/2011/02/22/the-patriot-act-expiration-controversy/; Wired.com, Feb. 8, 2011, *available at* http://www.wired.com/threatlevel/2011/02/patriot-act-notextended/; Charlie Savage, *Battle Looms Over the Patriot Act*, N.Y. Times, Sept. 19, 2009, *available at* http://www.nytimes.com/2009/09/20/us/politics/20patriot.html?partner=rss&emc=rss; Julian Sanchez, *A Chance to Fix the PATRIOT Act?* Cato At Liberty, Sept. 17, 2009, *available at* http://www.cato-at-liberty.org/a-chance-to-fix-the-patriot-act/; David Kravets, *Obama Backs Extending Patriot Act Spy Provisions*, Wired, Sept. 15, 2009, *available at* http://www.wired.com/threatlevel/2009/09/obama-backs-expiring-patriot-act-spy-provisions/; Adam Cohen, *Democratic Pressure on Obama to Restore the Rule of Law*, N.Y. Times, Nov. 18, 2008, *available at* http://www.nytimes.com/2008/11/14/opinion/14fri4.html.

The ACLU publishes newsletters, news briefings, right-to-know handbooks, and other materials that are disseminated to the public. Its material is available to everyone, including tax-exempt organizations, not-for-profit groups, law students, and faculty, for no cost or for a nominal fee. Since 2007, ACLU national projects have published and disseminated over 30 reports. Many ACLU reports include description and analysis of government documents obtained through FOIA.[4]

The ACLU also disseminates information through its website, www.aclu.org. The website addresses civil liberties issues in depth, provides features on civil liberties issues in the news, and contains hundreds of documents that relate to the issues on which the ACLU is focused. The ACLU's website also serves as a clearinghouse for news about ACLU cases, as well as analysis about case developments, and an archive of case-related documents. Through these pages, the ACLU also provides the public with educational material about the particular civil liberties issue or problem; recent news about the issue; analyses of Congressional or executive branch action on the issue; government documents obtained through FOIA about the issue; and more in-depth analytic and educational multi-media features on the issue.[5] The ACLU website includes many features on information obtained through the FOIA.[6] For example, the ACLU's "Torture

AMER CAN CIVIL LIBERT ES
UNION FOUNDATION

---

[4] *See, e.g.*, ACLU, Reclaiming Patriotism: A Call to Reconsider the Patriot Act (March 2009), available at http://www.aclu.org/pdfs/safefree/patriot_report_20090310.pdf; ACLU, The Excluded: Ideological Exclusion and the War on Ideas (Oct. 2007), available at http://www.aclu.org/national-security/excluded-ideological-exclusion-and-war-ideas; ACLU, History Repeated: The Dangers of Domestic Spying by Federal Law Enforcement (May 2007), available at http://www.aclu.org/files/FilesPDFs/mlkreport.pdf; ACLU, No Real Threat: The Pentagon's Secret Database on Peaceful Protest (Jan. 2007), available at http://www.aclu.org/national-security/no-real-threat-pentagons-secret-database-peaceful-protest; ACLU, Unpatriotic Acts: The FBI's Power to Rifle Through Your Records and Personal Belongings Without Telling You (July 2003), available at http://www.aclu.org/files/FilesPDFs/spies_report.pdf.

[5] For example, the ACLU's website about national security letter ("NSL") cases, www.aclu.org/nsl, includes, among other things, an explanation of what NSLs are; information about and document repositories for the ACLU's NSL cases; links to documents obtained through FOIA about various agencies' use of NSLs; NSL news in the courts, Congress, and executive agencies; links to original blog posts commenting on and analyzing NSL-related news; educational web features about the NSL gag power; public education reports about NSLs and the Patriot Act; news about and analysis of the Department of Justice Inspector General's reviews of the FBI's use of NSLs; the ACLU's policy analysis and recommendations for reform of the NSL power; charts with analyzed data about the government's use of NSLs; myths and facts documents; and links to information and analysis of related issues.

[6] *See, e.g.,* http://www.aclu.org/accountability/released.html (Torture FOIA); http://www.aclu.org/accountability/olc.html (OLC Memos);

FOIA" webpage, http://www.aclu.org/accountability/released.html, contains commentary about the ACLU's FOIA request, press releases, analysis of the FOIA documents, and an advanced search engine permitting webpage visitors to search approximately 150,000 pages of documents obtained through the FOIA.

The ACLU has also published a number of charts that collect, summarize, and analyze information it has obtained through FOIA. For example, through compilation and analysis of information gathered from various sources—including information obtained from the government through FOIA—the ACLU has created a chart that provides the public and news media with a comprehensive index of Bush-era Office of Legal Counsel memos relating to interrogation, detention, rendition and surveillance and that describes what is publicly known about the memos and their conclusions, who authored them and for whom, and whether the memos remain secret or have been released to the public in whole or in part.[7] Similarly, the ACLU produced a chart of original statistics about the Defense Department's use of National Security Letters based on its own analysis of records obtained through FOIA.[8]

### B. Expedited processing is warranted under 28 C.F.R. § 16.5(d)(iv)

The records requested also relate to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv).

Since the PATRIOT Act's enactment in 2001, Section 215 has been the subject of considerable and sustained media attention.[9] Over the

---

http://www.aclu.org/national-security/csrt-foia (CSRT FOIA);
http://wwvv.aclu.org/national-security/aclu-v-doj-lawsuit-enforce-nsawarrantless-surveillance-foia-request (NSA FOIA); http://www.aclu.org/national-security/patriot-foia (Patriot Act FOIA); http://www.aclu.org/national-security_technology-and-liberty/spyfiles (Spy Files).

[7] The chart is available at http://www.aclu.org/files/assets/olcmemos_chart.pdf.

[8] The chart is available at http://www.aclu.org/files/assets/nsl_stats.pdf.

[9] *See, e.g.,* Editorial, *Breaking a Promise on Surveillance,* N.Y. Times, July 29, 2010, *available at* http://www.nytimes.com/2010/07/30/opinion/30fri1.html; Editorial, *Patriot Act Excesses,* N.Y. Times, Oct. 7, 2009, *available at* http://www.nytimes.com/2009/10/08/opinion/08thu1.html; Press Release, Leahy renews effort to extend expiring PATRIOT Act provisions, *available at* http://vtdigger.org/2011/01/27/leahy-renews-effort-to-extend-expiring-patriot-act-provisions/; Fred H. Kate, Legal Restrictions on Transborder Data Flows to Prevent Government Access to Personal Data: Lessons from British Columbia, The Ctr. for Info. and Policy Leadership, Aug. 2005, *available at*

AMERICAN CIVIL LIBERTIES
UNION - FOUNDATION

last months, as Congress has debated reauthorization of certain
PATRIOT Act provisions, including Section 215, media and public
attention has intensified.[10] Many recent news stories have included
allegations by members of the Senate Select Committee on Intelligence
that the Department of Justice has adopted an overbroad construction of
Section 215.[11] While the Department of Justice claimed only to have

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

---

http://blog.surveymonkey.com/wp-content/uploads/2011/05/various-Canadians-have-made-similar-points.pdf; Taking Issue: The Patriot Act: Section 215, NPR.org, July 21, 2005, *available at*
http://www.npr.org/takingissue/20050721_takingissue_patriotact.html; Heather McDonald, *Patriot Act: Let Investigators Do Their Job*, NPR.org, July 20, 2005, *available at* http://www.npr.org/templates/story/story.php?storyId=4763326; Larry Abramson and Maria Godoy, *The Patriot Act: Key Controversies*, NPR, Dec. 16, 2005, *available at* http://www.npr.org/news/specials/patriotact/patriotactdeal.html; Dahlia Lithwick and Julia Turner, *A Guide to the Patriot Act, Part 1*, Slate, Sept. 8, 2003, *available at* http://www.slate.com/id/2087984/.

[10] *See, e.g.*, Charlie Savage, *Patriot Battle Could Hinder Investigators*, N.Y. Times, May 25, 2011, *available at*
http://www.nytimes.com/2011/05/26/us/politics/26patriot.html; *Senate moves to break impasse, vote on controversial provision of Patriot Act*, Assoc. Press, May 24, 2011, *available at* http://www.washingtonpost.com/politics/congress-races-to-extend-patriot-act-send-to-obama-in-europe-before-friday-deadline/2011/05/24/AFrxmIAH_story.html; Charlie Savage, *Deal Reached on Extension of Patriot Act*, N.Y. Times, May 19, 2011, *available at*
http://www.nytimes.com/2011/05/20/us/20patriot.html; Editorial, *In Patriot Act vote, Tea Party stands up for civil liberties*, Boston Globe, Feb. 14, 2011, *available at* http://www.boston.com/bostonglobe/editorial_opinion/editorials/articles/2011/02/14/in_patriot_act_vote_tea_party_stands_up_for_civil_liberties/; Tom Gantert, *Civil Liberties Concerns Caused Amash to Vote Against PATRIOT Act*, Michigan Capitol Confidential, Feb. 11, 2011, *available at*
http://www.michigancapitolconfidential.com/14549; Charlie Savage, *Battle Looms Over the Patriot Act*, *supra* note 3.

[11] *See, e.g.*, *4 senators win promise of a Patriot Act hearing*, Assoc. Press, May 26, 2011, *available at*
http://www.boston.com/news/nation/washington/articles/2011/05/26/2_senators_win_promise_of_patriot_act_hearings/; Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired.com, *see supra* note 2; *"Secret" legal interpretation of Patriot Act provisions troubles 4 Senators*, Assoc. Press, May 26, 2011, *available at* http://www.washingtonpost.com/politics/secret-legal-interpretation-of-patriot-act-provisions-troubles-2-senators/2011/05/26/AGFczGCH_story.html; *"Secret" legal interpretation of Patriot Act provisions troubles 2 Senators*, Assoc. Press, May 26, 2011, *available at* http://www.washingtonpost.com/politics/secret-legal-interpretation-of-patriot-act-provisions-troubles-2-senators/2011/05/26/AG7ffICH_story.html; Charlie Savage, *Senators Say Patriot Act Is Being Misinterpreted*, N.Y. Times, May 26, 2011, *see supra*, note 2; Steven Aftergood, *Sen. Wyden Decries "Secret Law" on PATRIOT Act*, Secrecy News, May 25, 2011, *available at* http://www.fas.org/blog/secrecy/2011/05/wyden_secret_law.html; Marcy Wheeler, *Wyden and Udall Want Obama to Admit to Secret Collection Program*, Emptywheel, May 24, 2011, *available at* http://emptywheel.firedoglake.com/2011/05/24/wyden-and-udall-want-obama-to-admit-to-secret-collection-program/.

used Section 215 powers 21 times in 2009[12] and 96 times in 2010,[13] Senators Ron Wyden and Mark Udall, along with others, recently proffered an amendment to address the government's "secret[] reinterpretation [of] public laws and statutes in a manner that is inconsistent with the public's understanding of these laws."[14] In that same congressional session, Senator Ron Wyden stated in open Congress that he "certainly believe[s] the public will be surprised again when they learn about some of the interpretations of the PATRIOT Act," suggesting that the FBI's numbers or public statements may be misleading or incomplete.[15]

## IV. Application for Waiver or Limitation of Fees

### A. A waiver of search, review, and duplication fees is warranted under 28 C.F.R. § 16.11(k)(1).

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

The ACLU is entitled to a waiver of search, review, and duplication fees because disclosure of the requested records is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.11(k)(1).

The requesters are making this request specifically to further the public's understanding of the government's use of surveillance powers inside the United States. As the dozens of new articles cited above make clear, disclosure of the requested records will contribute significantly to public understanding of the operations and activities of the government. *See* 28 C.F.R. § 16.11(k)(1)(i). Disclosure is not in the ACLU's commercial interest. Any information disclosed by the government in response to this FOIA request will be made available to the public at no

---

[12] *See* Letter to the Hon. Joseph R. Biden, Jr., Department of Justice, Office of Legislative Affairs, Apr. 30, 2011, *available at* http://www.fas.org/irp/agency/doj/fisa/2009rept.pdf.

[13] *See* Letter to the Hon. Harry Reid, Department of Justice, Office of Legislative Affairs, Apr. 29, 2011, *available at* http://www.fas.org/irp/agency/doj/fisa/2010rept.pdf.

[14] *See* 157 Cong. Rec. S3283 (daily ed. May 24, 2011) (SA 339, amendment of Mr. Wyden), *available at* http://www.gpo.gov/fdsys/pkg/CREC-2011-05-24/pdf/CREC-2011-05-24-pt1-PgS3281.pdf#page=3

[15] *See* 157 Cong. Rec. S3258-62, (daily ed. May 24, 2011), *available at* http://www.gpo.gov/fdsys/pkg/CREC-2011-05-24/pdf/CREC-2011-05-24-pt1-PgS3247-7.pdf#page=1.

cost. A fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requests.'" (citation omitted)); OPEN Government Act of 2007, Pub. L. No. 110-175, § 2, 121 Stat. 2524 (Dec. 31, 2007) (finding that "disclosure, not secrecy, is the dominant objective of the Act," but that "in practice, the Freedom of Information Act has not always lived up to the ideals of the Act").

> B. A waiver of search and review fees is warranted under 5 U.S.C. § 551(a)(4)(A)(ii) and 28 C.F.R. 16.11(c)(1)-(3), (d)(1).

A waiver of search and review fees is warranted because the ACLU qualifies as a "representative of the news media" and the records are not sought for commercial use. 5 U.S.C. § 551(a)(4)(A)(ii); 28 C.F.R. §§ 16.11(c)(1)-(3), (d)(1). The ACLU is a representative of the news media in that it is an organization "actively gathering news for an entity that is organized and operated to publish or broadcast news to the public," where "news" is defined as "information that is about current events or that would be of current interest to the public." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 28 C.F.R. § 16.11(b)(6). Accordingly, fees associated with the processing of the Request should be "limited to reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 28 C.F.R. § 16.11 (d) (search and review fees shall not be charged to "representatives of the news media"); *id.* § 16.11(c)(3) (review fees charged only for "commercial use request[s]").

The ACLU meets the statutory and regulatory definitions of a "representative of the news media" because it "uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii); *see also Nat'l Sec. Archive v. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989) (finding that an organization that "gathers information from a variety of sources," exercises editorial discretion in selecting and organizing documents, "devises indices and finding aids," and "distributes the resulting work to the public" is a "representative of the news media" for purposes of FOIA); *cf. ACLU v. Dep't of Justice*, 321 F. Supp. at 30 n.5 (finding non-profit public interest group to be "primarily engaged in disseminating information"). The ACLU is a "representative of the news media" for the same reasons it is "primarily engaged in the dissemination of information." *See e.g.*, *Elec. Privacy Info. Ctr. v. Dep't of Def.*, 241 F. Supp. 2d 5, 10-15 (D.D.C. 2003) (finding nonprofit public interest group that disseminated an electronic newsletter and

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

published books was a "representative of the media" for purposes of FOIA).[16]

If the request is denied in whole or in part, we ask that you justify all withholdings by reference to specific exemptions to the FOIA. We also ask that you release all segregable portions of otherwise exempt material. We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees.

Please be advised that, because we are requesting expedited processing under 28 C.F.R. §§ 16.11(d)(1)(iv) as well as 16.11(d)(1)(ii), we are sending a copy of this letter to DOJ's Office of Public Affairs. Whatever the determination of that office, we look forward to your reply within 20 business days, as the statue requires under section 552(a)(6)(A)(I).

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Thank you for your prompt attention to this matter. Please furnish all applicable records to:

Jameel Jaffer
Deputy Legal Director
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004

---

[16] On account of these factors, fees associated with responding to FOIA requests are regularly waived on the grounds that the ACLU is a "representative of the news media." In October 2010, the Department of the Navy granted a fee waiver to the ACLU with respect to a request for documents regarding the deaths of detainees in U.S. custody. In January 2009, the CIA granted a fee waiver with respect to the same request. In March 2009, the Department of State granted a fee waiver to the ACLU with respect to its request for documents relating to the detention, interrogation, treatment, or prosecution of suspected terrorists. Likewise, in December 2008, the Department of Justice granted the ACLU a fee waiver with respect to the same request. In May 2005, the Department of Commerce granted a fee waiver to the ACLU with respect to its request for information regarding the radio frequency identification chips in United States passports. In March 2005, the Department of State granted a fee waiver to the ACLU with respect to a request regarding the use of immigration laws to exclude prominent non-citizen scholars and intellectuals from the country because of their political views. Also, the Department of Health and Human Services granted a fee waiver to the ACLU with regard to a FOIA request submitted in August of 2004. In addition, the Office of Science and Technology Policy in the Executive Office of the President said it would waive the fees associated with a FOIA request submitted by the ACLU in August 2003. Finally, three separate agencies—the Federal Bureau of Investigation, the Office of Intelligence Policy and Review, and the Office of Information and Privacy in the Department of Justice—did not charge the ACLU fees associated with a FOIA request submitted by the ACLU in August 2002.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief.

Alexander Abdo
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. 212-519-7814
Fax 212-549-2654

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:11-cv-07562-WHP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **EXHIBIT B**



## OFFICE OF INFORMATION POLICY
## UNITED STATES DEPARTMENT OF JUSTICE

Flag Building, Suite 570
Washington, D.C. 20530

Tele-Fax Number: (202) 514-1009

TO: David Sobonya

FAX: (540) 868-4997

FROM: Sara Tennant

PHONE: 202-514-7868

MESSAGE:

Dave –

As we discussed, attached is PAO's memo indicating that it granted expedited processing of the
ACLU's FOIA request regarding the PATRIOT Act. Let me know if you have any questions.

NUMBER OF PAGES (excluding cover): 14

DATE: 6/6/11

FOIA Requests for Expedited Processing Under Public Affairs Standard

Requester:    Alexander Abdo                Date of Letter: 5/31/11

Organization: ACLU                          Date of OPA Receipt: 6/1/11

Subject:      *Seeking access to records concerning the government's interpretation or use of Section 215.*

28 C.F.R. § 16.5 (d)(1)(iv): "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

### Prong 1

(X)  Topic of request  IS  a matter of "widespread and exceptional media interest."

( )  Topic of request  IS NOT  a matter of "widespread and exceptional media interest."


### Prong 2

(X)  Topic of request  IS  a matter "in which there exist possible questions about the government's integrity which affect public confidence."

( )  Topic of request  IS NOT  a matter "in which there exist possible questions about the government's integrity which affect public confidence."

### Accordingly

(X)  Request for expedited processing under standard (iv) is **GRANTED**.

( )  Request for expedited processing under standard (iv) is **DENIED**.


Matthew Miller
Director, Office of Public Affairs

Date  6/1/11



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK NY 10004 1400
T/1 212 549 2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

RICHARD ZACKS
TREASURER

FOIA/PA Mail Referral Unit
Department of Justice
LOC Building, Room 115
Washington, DC 20530-0001

Carmen L. Mallon
Chief of Staff
Office of Information Policy
Department of Justice
    Attn: FOI/PA Request
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-0001

Office of Public Affairs
Department of Justice
950 Pennsylvania Avenue, NW., Room 1128
Washington DC 20530-0001

Federal Bureau of Investigation
Record/Information Dissemination Section
    Attn: FOI/PA Request
170 Marcel Drive
Winchester, VA 22602-4843

Elizabeth Farris,
Supervisory Paralegal
Office of Legal Counsel
Department of Justice
    Attn: FOI/PA Request
950 Pennsylvania Avenue, NW, Room 5515
Washington, DC 20530-0001

National Security Division
U.S. Department of Justice
    Attn: FOI/PA Request
950 Pennsylvania Avenue, N.W., Room 6150
Washington, D.C. 20530-0001

May 31, 2011

Dear Freedom of Information Officer,

This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). It is submitted on behalf of the American Civil Liberties Union and the American Civil Liberties Foundation (together, the "ACLU").[1]

## I. Background

This request pertains to the use by the Federal Bureau of Investigation ("FBI") of the powers enumerated in Pub. L. 107-56, the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act, commonly known as the USA PATRIOT Act ("PATRIOT Act"). Specifically, this request pertains to the FBI's use and interpretation of Section 215 of the PATRIOT Act, as amended, which permits the government to apply for court orders requiring the production of "tangible things."

## II. Records Requested

We request that you release to us any and all records concerning the government's interpretation or use of Section 215, including but not limited to: legal opinions or memoranda interpreting that provision; guidelines informing government personnel how that provision can be used; records containing statistics about the use or misuse of the provision; reports provided by the executive branch to Congress relating to the executive's interpretation, use, or misuse of the provision; forms used by executive agencies in connection with the use of Section 215; and legal papers filed by the government or any other party in the Foreign Intelligence Surveillance Court, and opinions of that court, pertaining to the interpretation, use, or proposed use of Section 215.

With respect to the records described above, we seek only those records drafted, finalized, or issued after March 9, 2006. We do not ask you to disclose the names or identities of those entities or individuals

---

[1] The American Civil Liberties Union Foundation is a 26 U.S.C. § 501(c)(3) organization that provides legal representation free of charge to individuals and organizations in civil rights and civil liberties cases, and educates the public about the civil liberties implications of pending and proposed state and federal legislation, provides analyses of pending and proposed legislation, directly lobbies legislators, and mobilizes its members to lobby their legislators. The American Civil Liberties Union is a separate nonprofit, 26 U.S.C. § 501(c)(4) membership organization that educates the public about the civil liberties implications of pending and proposed state and federal legislation, provides analysis of pending and proposed legislation, directly lobbies legislators, and mobilizes its members to lobby their legislators.

who have been served with Section 215 orders or the names or identities of those individuals or entities about whom records have been sought, but we ask that you disclose any and all records indicating the kinds or types of information that may, as a matter of policy or law, be obtained through the use of Section 215.

With respect to the form of production, *see* 5 U.S.C. § 552(a)(3)(B), we request that responsive electronic records be provided electronically in their native file format, if possible. Alternatively, we request that the records be provided electronically in a text-searchable, static-image format (PDF), in the best image quality in the agency's possession, and that the records be provided in separate, bates-stamped files.

If any aspect of our request is unclear, we would welcome the opportunity to clarify it. We would also welcome the opportunity to discuss an appropriate processing schedule.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

### III. Application for Expedited Processing

We request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E); 28 C.F.R. § 16.5(d). Expedited processing is warranted because the records sought are urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. 28 C.F.R. § 16.5(d)(1)(ii), and because the records sought relate to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," *id.* § 16.5(d)(1)(iv).

### A. Expedited processing is warranted under 28 C.F.R. § 16.5(d)(ii)

The records requested are needed to inform the public about federal government activity. The records relate to the FBI's use of a highly controversial surveillance authority. Specifically, the records requested relate to the FBI's use of Section 215 and to the process the FBI has put in place to ensure that the FBI's use of Section 215 powers conforms to the requirements of the Constitution and statutory law. The records are urgently needed because of recent allegations by some members of the Senate Select Committee on Intelligence that the Justice Department has adopted an overly broad interpretation of Section 215,[2]

---

[2] *See* Charlie Savage, *Senators Say Patriot Act Is Being Misinterpreted*, N.Y. Times, May 26, 2011, *available at* http://www.nytimes.com/2011/05/27/us/27patriot.html; Spencer Ackerman, *There's a Secret Patriot Act, Senator Says*, Wired.com, May 25, 2011, *available at* http://www.wired.com/dangerroom/2011/05/secret-patriot-act; 137

08/06/2011 15:45 FAX  2025141009          DOJ-OIP                                    @006/015

06/01/2011 11:57 FAX  2025141009          DOJ-OIP                                    @005/012

and because there is an ongoing debate about the appropriate scope of
the government's surveillance authorities.[2]

The ACLU is "primarily engaged in disseminating
information" within the meaning of the statute and regulations. 5 U.S.C.
§ 552(a)(6)(E)(v)(II); 28 C.F.R. § 16.5(d)(1)(ii). Disseminating
information about government activity, analyzing that information,
and widely publishing and disseminating that information to the press
and public is a critical and substantial component of the ACLU's
work and one of its primary activities. *See ACLU v. Dep't of Justice*, 321
F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (finding non-profit public interest
group that "gathers information of potential interest to a segment of the
public, uses its editorial skills to turn the raw material into a distinct
work, and distributes that work to an audience" to be "primarily
engaged in disseminating information" (internal citation omitted)).

Cong. Rec. S3259-60 (daily ed. May 24, 2011), *available at*
http://www.gpo.gov/fdsys/pkg/CREC-2011-05-24/pdf/CREC-2011-05-24-pt1-
PgS3267-7.pdf#page=1.

[1] *See, e.g., Obama Signs Patriot Act extension; will continue anti-terror surveillance
powers,* Assoc. Press, May 25, 2011, *available at*
http://www.washingtonpost.com/politics/senate-nears-patriot-act-towards-4-year-
extension-before-thursday-midnight-deadline/2011/05/25/AGnYJXBH_story.html;
*New tea party senator gets Senate's attention,* Assoc. Press, May 25, 2011, ("[Sen.
Rand] Paul has delayed action on the intelligence-gathering measures, contending they
should expire because the Patriot Act gives the government too much power to monitor
people's lives."), *available at* http://www.foxnews.com/us/2011/05/25/new-tea-party-
senator-gets-senates-attention/; Editorial, *A chance to put protections in the Patriot
Act,* Wash. Post, May 25, 2011, *available at*
http://www.washingtonpost.com/opinions/a-chance-to-put-protections-in-the-patriot-
act/2011/05/25/AGnSPDBH_story.html; Felicia Sonmez, *Vote on Patriot Act extension
delayed as Rand Paul pushes for amendment on gun rights,* Wash. Post, May 25, 2011,
*available at* http://www.washingtonpost.com/blogs/2chambers/post/vote-on-patriot-
act-extension-delayed-as-rand-paul-pushes-for-amendment-on-gun-
rights/2011/05/25/AGhzDJBH_blog.html; David Kravets, *Lawmakers Punt Again on
Patriot Act Reform,* Wired.com, May 20, 2011, *available at*
http://www.wired.com/threatlevel/2011/05/patriot-act-reform/; David Kravets, *House
Fails to Extend Patriot Act Spy Powers,* Kristy Sidor, *The Patriot Act Expiration
Controversy,* The Observer at Boston College, Feb. 22, 2011, *available at*
http://www.bcobserver.com/2011/02/22/the-patriot-act-expiration-controversy/;
Wired.com, Feb. 8, 2011, *available at*
http://www.wired.com/threatlevel/2011/02/patriot-act-nonamended/; Charlie Savage,
*Battle Looms Over the Patriot Act,* N.Y. Times, Sept. 19, 2009, *available at*
http://www.nytimes.com/2009/09/20/us/politics/20patriot.html?ref=topics&emc=rss;
Julian Sanchez, *A Chance to Fix the PATRIOT Act?* Cato At Liberty, Sept. 17, 2009,
*available at* http://www.cato-at-liberty.org/a-chance-to-fix-the-patriot-act/; David
Kravets, *Obama Backs Extending Patriot Act Spy Provisions,* Wired, Sept. 15, 2009,
*available at* http://www.wired.com/threatlevel/2009/09/obama-backs-extending-patriot-
act-spy-provisions/; Adam Cohen, *Democratic Pressure on Obama to Restore the Rule
of Law,* N.Y. Times, Nov. 18, 2008, *available at*
http://www.nytimes.com/2008/11/18/opinion/18tue4.html.

The ACLU publishes newsletters, news briefings, right-to-know handbooks, and other materials that are disseminated to the public. Its material is available to everyone, including tax-exempt organizations, not-for-profit groups, law students, and faculty, for no cost or for a nominal fee. Since 2007, ACLU national projects have published and disseminated over 30 reports. Many ACLU reports include description and analysis of government documents obtained through FOIA.[6]

The ACLU also disseminates information through its website, www.aclu.org. The website addresses civil liberties issues in depth, provides features on civil liberties issues in the news, and contains hundreds of documents that relate to the issues on which the ACLU is focused. The ACLU's website also serves as a clearinghouse for news about ACLU cases, as well as analysis about area developments, and an archive of case-related documents. Through these pages, the ACLU also provides the public with educational material about the particular civil liberties issue or problem; recent news about the issue; analyses of Congressional or executive branch action on the issue; government documents obtained through FOIA about the issue; and more in-depth analytic and educational multi-media features on the issue.[7] The ACLU website includes many features on information obtained through the FOIA.[8] For example, the ACLU's "Torture

---

[6] See, e.g., ACLU, Reclaiming Patriotism: A Call to Reconsider the Patriot Act (March 2009), available at http://www.aclu.org/pdfs/safefree/patriot_report_20090310.pdf; ACLU, The Excluded: Ideological Exclusion and the War on Ideas (Oct. 2007), available at http://www.aclu.org/national-security/excluded-ideological-exclusion-and-war-ideas; ACLU, History Repeated: The Dangers of Domestic Spying by Federal Law Enforcement (May 2007), available at http://www.aclu.org/files/pdfs/mkreport.pdf; ACLU, No Real Threat: The Pentagon's Secret Database on Peaceful Protest (Jan. 2007), available at http://www.aclu.org/nationalsecurity/noreal-threat-pentagons-secret-database-peaceful-protest; ACLU, Unpatriotic Acts: The FBI's Power to Rifle Through Your Records and Personal Belongings Without Telling You (July 2003), available at http://www.aclu.org/files/FilesPDFs/les_report.pdf

[7] For example, the ACLU's website about national security letter ("NSL") cases, www.aclu.org/nsl, includes, among other things, an explanation of what NSLs are; information about and document repositories for the ACLU's NSL cases; links to documents obtained through FOIA about various agencies' use of NSLs; NSL news in the courts, Congress, and executive agencies; links to original blog posts commenting on and analyzing NSL-related news; educational web features about the NSL gag power; public education reports about NSLs and the Patriot Act; news about and analysis of the Department of Justice Inspector General's reviews of the FBI's use of NSLs; the ACLU's policy analysis and recommendations for reform of the NSL power; charts with analyzed data about the government's use of NSLs; myths and facts documents; and links to information and analysis of related issues.

[8] See, e.g., http://www.aclu.org/accountability/released.html (Torture FOIA); http://www.aclu.org/accountability/olc.html (OLC Memos);

FOIA" webpage, http://www.aclu.org/accountability/released.html, contains commentary about the ACLU's FOIA request, press releases, analysis of the FOIA documents, and an advanced search engine permitting webpage visitors to search approximately 150,000 pages of documents obtained through the FOIA.

The ACLU has also published a number of charts that collect, summarize, and analyze information it has obtained through FOIA. For example, through compilation and analysis of information gathered from various sources—including information obtained from the government through FOIA—the ACLU has created a chart that provides the public and news media with a comprehensive index of Bush-era Office of Legal Counsel memos relating to interrogation, detention, rendition and surveillance and that describes what is publicly known about the memos and their conclusions, who authored them and for whom, and whether the memos remain secret or have been released to the public in whole or in part.[7] Similarly, the ACLU produced a chart of original statistics about the Defense Department's use of National Security Letters based on its own analysis of records obtained through FOIA.[8]

### B. Expedited processing is warranted under 28 C.F.R. § 16.5(d)(1)(iv)

The records requested also relate to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv).

Since the PATRIOT Act's enactment in 2001, Section 215 has been the subject of considerable and sustained media attention.[9] Over the

---

http://www.aclu.org/national-security/cen-foia (CERT FOIA); http://www.aclu.org/national-security/aclu-v-dok-awaits-enforce-nsawartranlsw-surveillance-foia-request (NSA FOIA); http://www.aclu.org/national-security/patriot-foia (Patriot Act FOIA); http://www.aclu.org/national-security-technology-and-liberty/spyfiles (Spy Files).

[7] The chart is available at http://www.aclu.org/files/assets/olcmemos_chart.pdf.

[8] The chart is available at http://www.aclu.org/files/assets/nsl_stats.pdf.

[9] See, e.g., Editorial, Breaking a Promise on Surveillance, N.Y. Times, July 29, 2010, available at http://www.nytimes.com/2010/07/30/opinion/30fri1.html; Editorial, Patriot Act Excesses, N.Y. Times, Oct. 7, 2009, available at http://www.nytimes.com/2009/10/08/opinion/08thu1.html; Press Release, Leahy renews effort to extend expiring PATRIOT Act provisions, available at http://webpage.org/2011/01/27/leahy-renew-effort-to-extend-expiring-patriot-act-provisions; Fred H. Cate, Legal Restrictions on Transborder Data Flows to Prevent Government Access to Personal Data: Lessons from British Columbia, The Ctr. for Info. and Policy Leadership, Aug. 2003, available at

last months, as Congress has debated reauthorization of certain
PATRIOT Act provisions, including Section 215, media and public
attention has intensified.[10] Many recent news stories have included
allegations by members of the Senate Select Committee on Intelligence
that the Department of Justice has adopted an overbroad construction of
Section 215.[11] While the Department of Justice claimed only to have

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

http://blog.surveymonkey.com/wp-content/uploads/2011/03/various-Canadians-have-
minds-similar-points.pdf; Taking Issue, The Patriot Act: Section 215, NPR.org, July 21,
2005, available at
http://www.npr.org/tki.heissue/2005072 akinalssue_pariquest.html; Heather
McDonald, Patriot Act: Let Investigators Do Their Job, NPR.org, July 20, 2005,
available at http://www.npr.org/templates/story/story.php?storyId=4763124; Larry
Abramson and Maria Godoy, The Patriot Act: Key Controversies, NPR, Dec. 16, 2005,
available at http://www.npr.org/news/specials/patriotact/patriotactmain.html; Dahlia
Lithwick and Julia Turner, A Guide to the Patriot Act: Part 1, Slate, Sept. 8, 2003,
available at http://www.slate.com/id/2087984/.

[10] See, e.g., Charlie Savage, Patriot Battle Could Hinder Investigators, N.Y. Times,
May 25, 2011, available at
http://www.nytimes.com/2011/05/26/us/politics/26patriot.html; Senate moves to break
impasse, vote on controversial provision of Patriot Act, Assoc. Press, May 24, 2011,
available at http://www.washingtontimes.com/mobile/congress-moves-extend-patriot-
ahead/tnln-sharing-in-reance-matters-iffday-
deadline/2011/05/24/AJcunlAM_story.html; Charlie Savage, Deal Reached on
Retention of Patriot Act, N.Y. Times, May 19, 2011, available at
http://www.nytimes.com/2011/05/20/us/20patriot.html; Editorial, In Patriot Act vote,
Tea Party stands up for civil liberties, Boston Globe, Feb. 14, 2011, available at
http://www.boston.com/bostonglobe/editorial_opinion/editorials/articles/2011/02/14/in
patriot_act_vote_tea_party_stands_up_for_civil_liberties/; Tom Gantert, Civil
Liberties Concerns Cooled Amash to Vote Against PATRIOT Act, Michigan Capitol
Confidential, Feb. 11, 2011, available at
http://www.michlgancapitolconfidential.com/14349; Charlie Savage, Battle Looms
Over the Patriot Act, supra note 3.

[11] See, e.g., 4 senators win promise of a Patriot Act hearing, Assoc. Press, May 26,
2011, available at
http://www.boston.com/news/nation/washington/articles/2011/05/26/4_senators_win_p
romise_of_patriot_act_hearings/; Spencer Ackerman, There's a Secret Patriot Act,
Senator Says, Wired.com, see supra note 2; "Secret" legal interpretation of Patriot Act
provisions troubles 4 Senators, Assoc. Press, May 26, 2011, available at
http://www.washingtonpost.com/politics/secret-legal-interpretation-of-patriot-act-
provisions-trouble-2-senators/2011/05/26/AGPszCCH_story.html; "Secret" legal
interpretation of Patriot Act provisions troubles 2 Senators, Assoc. Press, May 26,
2011, available at http://www.washingtonpost.com/politics/secret-legal-interpretation-
of-patriot-act-provisions-troubles-2-senators/2011/05/26/AGJ1ffCH_story.html;
Charlie Savage, Senators Say Patriot Act Is Being Misinterpreted, N.Y. Times, May
26, 2011, see supra note 3; Steven Aftergood, Sen. Wyden Decries "Secret Law" on
PATRIOT Act, Secrecy News, May 25, 2011, available at
http://www.fas.org/blog/secrecy/2011/05/wyden_secret_law.html; Marcy Wheeler,
Wyden and Udall Want Obama to Admit to Secret Collection Program, Emptywheel,
May 24, 2011, available at http://emptywheel.firedoglake.com/2011/05/24/wyden-and-
udall-want-obama-to-admit-to-secret-collection-program/.

used Section 215 powers 21 times in 2009[12] and 96 times in 2010,[13]
Senators Ron Wyden and Mark Udall, along with others, recently
proffered an amendment to address the government's "secret[]
reinterpretation [of] public laws and statutes in a manner that is
inconsistent with the public's understanding of these laws."[14] In that
same congressional session, Senator Ron Wyden stated in open
Congress that he "definitely believe[s] the public will be surprised again
when they learn about some of the interpretations of the PATRIOT Act,"
suggesting that the FBI's numbers or public statements may be
misleading or incomplete.[15]

### IV. Application for Waiver or Limitation of Fees

#### A. A waiver of search, review, and duplication fees is warranted under 28 C.F.R. § 16.11(k)(1).

The ACLU is entitled to a waiver of search, review, and
duplication fees because disclosure of the requested records is likely to
contribute significantly to public understanding of the operations or
activities of the government and is not primarily in the commercial
interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. §
16.11(k)(1).

The requesters are making this request specifically to further the
public's understanding of the government's use of surveillance powers
inside the United States. As the dozens of new articles cited above make
clear, disclosure of the requested records will contribute significantly to
public understanding of the operations and activities of the government.
See 28 C.F.R. § 16.11(k)(1)(i). Disclosure is not in the ACLU's
commercial interest. Any information disclosed by the government in
response to this FOIA request will be made available to the public at no

---

[12] See Letter to the Hon. Joseph R. Biden, Jr., Department of Justice, Office of
Legislative Affairs, Apr. 30, 2011, available at
http://www.fas.org/irp/agency/doj/fisa/2009rept.pdf.

[13] See Letter to the Hon. Harry Reid, Department of Justice, Office of Legislative
Affairs, Apr. 29, 2011, available at
http://www.fas.org/irp/agency/doj/fisa/2010rept.pdf.

[14] See 157 Cong. Rec. S3283 (daily ed. May 24, 2011) (SA 339, amendment of Mr
Wyden), available at http://www.gpo.gov/fdsys/pkg/CREC-2011-05-24/pdf/CREC-2011-05-24-pt1-PgS3281.pdf

[15] See 157 Cong. Rec. S3258-62, (daily ed. May 24, 2011), available or
http://www.gpo.gov/fdsys/pkg/CREC-2011-05-24/pdf/CREC-2011-05-24-pt1-PgS3247.pdf

cost. A fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requests.'" (citation omitted)); OPEN Government Act of 2007, Pub. L. No. 110-175, § 2, 121 Stat. 2524 (Dec. 31, 2007) (finding that "disclosure, not secrecy, is the dominant objective of the Act," but that "in practice, the Freedom of Information Act has not always lived up to the ideals of the Act").

### B. A waiver of search and review fees is warranted under 5 U.S.C. § 551(a)(4)(A)(ii) and 28 C.F.R. 16.11(c)(1)-(3), (d)(1).

A waiver of search and review fees is warranted because the ACLU qualifies as a "representative of the news media" and the records are not sought for commercial use. 5 U.S.C. § 551(a)(4)(A)(ii); 28 C.F.R. §§ 16.11(c)(1)-(3), (d)(1). The ACLU is a representative of the news media in that it is an organization "actively gathering news for an entity that is organized and operated to publish or broadcast news to the public," where "news" is defined as "information that is about current events or that would be of current interest to the public." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 28 C.F.R. § 16.11(b)(6). Accordingly, fees associated with the processing of the Request should be "limited to reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 28 C.F.R. § 16.11 (d) (search and review fees shall not be charged to "representatives of the news media"); *id.* § 16.11(c)(3) (review fees charged only for "commercial use request[s]").

The ACLU meets the statutory and regulatory definitions of a "representative of the news media" because it "uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii); *see also Nat'l Sec. Archive v. Dep't of Def*, 880 F.2d 1381, 1387 (D.C. Cir. 1989) (finding that an organization that "gathers information from a variety of sources," exercises editorial discretion in selecting and organizing documents, "devises indices and finding aids," and "distributes the resulting work to the public" is a "representative of the news media" for purposes of FOIA); *cf. ACLU v. Dep't of Justice*, 321 F. Supp. 2d at 30 n.5 (finding non-profit public interest group to be "primarily engaged in disseminating information"). The ACLU is a "representative of the news media" for the same reasons it is "primarily engaged in the dissemination of information." *See e.g., Elec. Privacy Info. Ctr. v. Dep't of Def*, 241 F. Supp. 2d 5, 10-15 (D.D.C. 2003) (finding nonprofit public interest group that disseminated an electronic newsletter and

published books was a "representative of the media" for purposes of
POIA).[16]

If the request is denied in whole or in part, we ask that you
justify all withholdings by reference to specific exemptions to the FOIA.
We also ask that you release all segregable portions of otherwise exempt
material. We reserve the right to appeal a decision to withhold any
information or to deny a waiver of fees.

Please be advised that, because we are requesting expedited
processing under 28 C.F.R. §§ 16.11(d)(1)(iv) as well as 16.11(d)(1)(ii),
we are sending a copy of this letter to DOJ's Office of Public Affairs.
Whatever the determination of that office, we look forward to your reply
within 20 business days, as the statute requires under section
552(a)(6)(A)(I).

Thank you for your prompt attention to this matter. Please
furnish all applicable records to:

Jameel Jaffer
Deputy Legal Director
American Civil Liberties Union
125 Broad St. 18th Floor
New York, NY 10004

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

[16] On account of these factors, fees associated with responding to FOIA requests are
regularly waived on the grounds that the ACLU is a "representative of the news
media." In October 2010, the Department of the Navy granted a fee waiver to the
ACLU with respect to a request for documents regarding the deaths of detainees in
U.S. custody. In January 2009, the CIA granted a fee waiver with respect to the same
request. In March 2009, the Department of State granted a fee waiver to the ACLU
with respect to its request for documents relating to the detention, interrogation,
treatment, or prosecution of suspected terrorists. Likewise, in December 2008, the
Department of Justice granted the ACLU a fee waiver with respect to the same request.
In May 2005, the Department of Commerce granted a fee waiver to the ACLU with
respect to its request for information regarding the radio frequency identification chips
in United States passports. In March 2005, the Department of State granted a fee
waiver to the ACLU with respect to a request regarding the use of immigration laws to
exclude prominent nonpartisan scholars and intellectuals from the country because of
their political views. Also, the Department of Health and Human Services granted a fee
waiver to the ACLU with regard to a FOIA request submitted in August of 2004. In
addition, the Office of Science and Technology Policy in the Executive Office of the
President said it would waive the fees associated with a FOIA request submitted by the
ACLU in August 2003. Finally, three separate agencies—the Federal Bureau of
Investigation, the Office of Intelligence Policy and Review, and the Office of
Information and Privacy in the Department of Justice—did not charge the ACLU fees
associated with a FOIA request submitted by the ACLU in August 2002.

Under penalty of perjury, I hereby affirm that the foregoing is
true and correct to the best of my knowledge and belief.

Alexander Abdu
American Civil Liberties Union
   Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. 212-519-7814
Fax 212-549-2654

06/06/2011 15:46 FAX   2025141009          DOJ-OIP                                          ☑014/015

06/01/2011 11:56 FAX  2025141009          DOJ-OIP                                          ☑001/012

# UNITED STATES DEPARTMENT OF JUSTICE

## OFFICE OF INFORMATION POLICY

### FAX COVER SHEET

From:  
Date: 6/1/11

SARA TENNANT  
Office of Information Policy  
U.S. Department of Justice  
(202) 514-3642 (Voice)  
(202) 514-1009 (Fax)

To: JACQUELINE ORTIZ  
Department/Agency/Bureau: OFFICE OF PUBLIC AFFAIRS

Telephone Number: 202) 514-2007

Fax Number: 202 - 2017  
Total Pages (Excluding Cover): 2

Comments: Jacqueline, due to the power outage at 260N, we are unable to print the
text of a formal memo. I am faxing a copy of a FOIA request from the ACLU
which seeks expedited processing pursuant to 28 C.F.R. § 16.5(d)(1)(i). Please
let me know whether PAO decides to grant or deny expedition within ten calendar days of
May 31, 2011. Thank you!

Precedence: Immediate ___  Priority ___  Routine ___  
Classified ___  Sensitive ___  Non-Sensitive ___

Sara Tennant

*Warning: Information attached to the cover sheet is U.S. Government Property. If you are not the intended recipient of this information disclosure, reproduction, distribution, or use of this information is prohibited (18 U.S.C. § 641). Please notify the originator immediately to arrange for proper disposition.*

DAG
ASG
OLA
OLP

**COPY**

**ACLU National Legal Department**

PGA
SAT

RECEIVED

MAY 31 2011

Office of Information Policy

American Civil Liberties Union
125 Broad Street
New York, NY 10004
T: (212) 549-2500

# Fax

| **To:** | Carmen L. Mallon | **From:** | Alexander Abdo, ACLU |
|---|---|---|---|
| **Fax:** | 202-514-1009 | **Pages:** | 11 (excl cover sheet) |
| **Phone:** | 212-284-7322 | **Date:** | May 31, 2011 |
| **Re:** | Freedom of Information Act Request | | |

☑ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:11-cv-07562-WHP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# <u>EXHIBIT C</u>

U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*

June 8, 2011

MR. ALEXANDER ABDO
AMERICAN CIVIL LIBERTIES UNION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004

FOIPA Request No.:  1167461- 000
Subject: USA PATRIOT ACT SECTION 215

Dear Mr. Abdo:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☒    This FOIPA request has been received at FBI Headquarters for processing.

☐    This FOIPA request has been received at the **[_____ Resident Agency / _____ Field Office]** and forwarded to FBI Headquarters for processing.

☒    We are searching the indices to our Central Records System for the information responsive to this request.   You will be informed of the results in future correspondence.

☒    Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☒    Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11-cv-07562-WHP |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendants. | ) ) | |

# **EXHIBIT D**

U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*
June 8, 2011

MR. ALEXANDER ABDO
AMERICAN CIVIL LIBERTIES UNION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004

        FOIPA Request No.:   1167461- 000
        Subject:  USA PATRIOT ACT SECTION 215
        (MARCH 9, 2006-PRESENT)

Dear Mr. Abdo:

        This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information /Privacy Acts (FOIPA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

        You have requested expedited processing according to:

        ☐    **28 C.F.R. §16.5 (d)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

        ☒    **28 C.F.R. §16.5 (d)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

        ☐    **28 C.F.R. §16.5 (d)(1)(iii):** "The loss of substantial due process of rights."

        ☒    **28 C.F.R. §16.5 (d)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

        You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

        You may appeal by writing to the Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request to facilitate its identification.

                        Sincerely yours,

                        David M. Hardy
                        Section Chief
                        Record/Information
                          Dissemination Section
                        Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11-cv-07562-WHP |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendants. | ) ) ) | |

# EXHIBIT E



U.S. Department of Justice

**Federal Bureau of Investigation**

Washington, D.C. 20535

July 6, 2011

MR. ALEXANDER ABDO
AMERICAN CIVIL LIBERTIES UNION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004

FOIPA Request No.    1167461- 000
Subject: USA PATRIOT ACT SECTION 215
(MARCH 9, 2006-PRESENT)

Dear Mr. Abdo:

        This is in response to your request for a fee waiver for the above referenced Freedom of
Information-Privacy Acts (FOIPA) request.   Requests for fee waivers are determined on a case by case basis.   See
5 U.S.C. § 552 (a)(4)(A)(iii).

        In order to be granted a fee waiver or a reduction in fees, two requirements must be satisfied.   First, it must
be established that "disclosure of the [requested] information is in the public interest because it is likely to contribute
significantly to public understanding of the operations or activities of the government."    Second, it must be
established that "disclosure of the information . . . is not primarily in the commercial interest of the requester."   See
 5 U.S.C. § 552(a)(4)(A)(iii).   The burden is on the requester to show the statutory requirements for a fee waiver
have been met.   Where one or both of these requirements has not been satisfied, a fee waiver is not warranted
under the statute.

        To determine whether the first requirement has been met, we consider the following four factors:   (1)
whether the subject of the requested records concerns "the operations or activities of the government;" (2) whether
the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) whether
disclosure of the requested information will contribute to "public understanding;" and (4) whether the disclosure is
likely to contribute "significantly" to public understanding of government operations or activities.   See 28 C.F.R.
 § 16.11(k)(2).

        If the first requirement has been met, we are then required to determine whether disclosure of the
requested information is primarily in the commercial interest of the requester.   To make this determination, we
consider the following two factors:   (1) whether the requester has a commercial interest that would be furthered by
the requested disclosure and (2) whether the magnitude of the identified commercial interest of the requester is
sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial
interest of the requester."   See 28 C.F.R. § 16.11(k)(3).   If the requester's commercial interest in disclosure is
greater then the public interest to be served, then a fee waiver is not warranted.

        We have reviewed the information that you provided in support of your request for a fee waiver and have
found that you do not satisfy the second factor of the first requirement (disclosure is likely to contribute to an
understanding of government operating) because a significant amount of information about Section 215 of the
United States Patriot Act has been previously disseminated to the public.

You may appeal this denial by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C., 20530-0001.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA number assigned to your request to facilitate its identification.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11-cv-07562-WHP |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendants. | ) ) | |

# **EXHIBIT F**



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 15, 2012

Mr. Alexander Abdo
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

Subject: U.S. Patriot Act, Section 215 (March 9, 2006-
June 17, 2011)
FOIA No.:  1167461- 000
American Civil Liberties Union, American Civil Liberties
Union Foundation   v. Federal Bureau of Investigation,
United States Department of Justice
Case No.:  1:11-cv-07562-WHP

Dear Mr. Abdo:

   The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| ☒(b)(1) |  | ☐(b)(7)(A) |  | ☐(d)(5) |
| ☐(b)(2) |  | ☐(b)(7)(B) |  | ☐(j)(2) |
| ☐(b)(3)_____ |  | ☒(b)(7)(C) |  | ☐(k)(1) |
| _____ |  | ☐(b)(7)(D) |  | ☐(k)(2) |
| _____ |  | ☒(b)(7)(E) |  | ☐(k)(3) |
| _____ |  | ☐(b)(7)(F) |  | ☐(k)(4) |
| ☐(b)(4) |  | ☐(b)(8) |  | ☐(k)(5) |
| ☐(b)(5) |  | ☐(b)(9) |  | ☐(k)(6) |
| ☒(b)(6) |  |  |  | ☐(k)(7) |

   1384 **pages** were reviewed and 273 **pages** are being released.

☐   Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

   ☐ referred to the OGA for review and direct response to you.

   ☐ referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the

Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

Enclosed are excised copies of various documents, which are responsive to your FOIA request.   No fee is being assessed at this time.   When the second interim release is made in this case, you will be billed for the $5.00 fee associated with this first release as well as the $15.00 duplication fee for the second release for a total of $20.00.   Each subsequent release will be made at a cost of $15.00.

This is the first interim release of documents in response to your request.   The remaining material will be provided in a second and final release on May 15, 2012.

### EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life

or  physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity         would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

April 11, 2012

Mr. Alexander Abdo
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

Subject: U.S. Patriot Act, Section 215 (March 9, 2006-
June 17, 2011)
FOIA No.:   1167461- 000
American Civil Liberties Union, American Civil Liberties
Union Foundation   v. Federal Bureau of Investigation,
United States Department of Justice
Case No.:   1:11-cv-07562-WHP

Dear Mr. Abdo:

The enclosed material is provided in response to the subject FOIA request and litigation.   For this release, the FBI reviewed **446 pages** and **98 pages** are being released.   The FBI will make one final release of material responsive to the subject request on May 15, 2012 pursuant to the agreement between the parties.

No fee is being assessed at this time.   When the final release is made, ACLU will be billed for the $5.00 fee associated with the first release as well as the $15.00 duplication fee for the second release and a $15.00 duplication fee for the third release, for a total of $35.00.

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

☒ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

☐ referred to the OGA for review and direct response to you.

☒ referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

Enclosure(s)

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue. or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings. ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life

or    physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity                would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility. or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

May 15, 2012

Mr. Alexander Abdo
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

Subject: U.S. Patriot Act, Section 215 (March 9, 2006-
June 17, 2011)
FOIA No.:   1167461- 000
American Civil Liberties Union, American Civil Liberties
Union Foundation   v. Federal Bureau of Investigation,
United States Department of Justice
Case No.:   1:11-cv-07562-WHP

Dear Mr. Abdo:

The enclosed material is provided in response to the subject FOIA request and litigation.   For this third and final release, the FBI reviewed **1,312 pages** and **616 pages** are being released.   In addition, the FBI has included an additional CD of documents, also responsive to your request, which were previously processed and released in response to two other FOIA requests.   These files are marked "preprocessed material."

As mentioned in FBI's release letters dated March 15 and April 11, 2012, there is a $5.00 fee associated with the first release, a $15.00 duplication fee for the second, and a $15.00 duplication fee for the third and final release, totaling $35.00.   Upon receipt of the enclosed CD-ROM, please go to www.pay.gov to make an electronic payment in the amount of $35.00, or make a check or money order payable to the Federal Bureau of Investigation and mail it to the Work Process Unit, Record/Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602.   Please include the FOIA Request Number with your payment.

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552.   Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a kick sheet page was inserted in the file to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐ referred to the OGA for review and direct response to you.

    ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

Enclosed are two CDs containing material that is responsive to your request.

This is the third and final release for this request.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such  disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or  physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity  would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant  to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the  release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

**U.S. Department of Justice**



**Federal Bureau of
Investigation**

*Washington, D.C. 20535*

August 20, 2012

Mr. Alexander Abdo
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

Subject: U.S. Patriot Act, Section 215 (March 9, 2006-
June 17, 2011)
FOIA No.:   1167461- 000
American Civil Liberties Union, American Civil Liberties
Union Foundation v. Federal Bureau of Investigation,
United States Department of Justice
Case No.:   1:11-cv-07562-WHP

Dear Mr. Abdo:

        The enclosed document was referred to the FBI, from the Office of the Inspector General (OIG), because it contains FBI equities.   OIG has asked the FBI to respond directly to you.   The FBI reviewed 111 pages and 111 pages are being released either in full or in part.   Enclosed on the CD is the referred document.

        Additionally, the FBI determined that 20 pages of material originally marked "outside the scope" in one of the preprocessed cases, namely, FOIA No. 1138791, was later determined to be responsive to your request. The 20 pages have been processed and can be viewed on the enclosed CD under "Supplemental Release."

        Lastly, in its original processing of this case, the FBI located an additional document that was responsive to your request.   However, this document was inadvertently not included in the May 15th release.   The FBI only recently discovered the oversight.   The classified document is entitled, "Banker's Box" and consists of 84 pages that were reviewed and withheld in full in accordance with statutory exemption (b)(1).   The kick sheet on the enclosed CD indicates all pages were withheld in full.

        As mentioned in FBI's release letters dated March 15th, April 11th, and May 12, 2012, there is a $5.00 fee associated with the first release, a $15.00 duplication fee for each subsequent release, totaling $50.00.   Upon receipt of the enclosed CD-ROM, please go to www.pay.gov to make an electronic payment in the amount of $50.00, or make a check or money order payable to the Federal Bureau of Investigation and mail it to the Work Process Unit, Record/ Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602.   Please include the FOIA Request Number with your payment.

        The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, U.S.C. § 552.   Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a kick sheet page was inserted in the file to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 |  | Section 552a |
|---|---|---|---|
| ☒(b)(1) | ☒(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) |  | ☐(k)(7) |

**215 pages** were reviewed and **122 pages** are being released.

☐  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].   This information has been:

☐  referred to the OGA for review and direct response to you.

☐  referred to the OGA for consultation.   The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release.   Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.   20530-0001.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIA Number assigned to your request so that it may be easily identified.

☒ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.

Sincerely yours,

David M. Hardy

Section Chief
Record/Information
Dissemination Section
Records Management Division

Enclosure(s)

Enclosed is one CD containing material that is responsive to your request.

This is the fourth and final release for this request.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity        would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:11-cv-07562-WHP |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendants. | ) ) | |

# **EXHIBIT G**

**AMERICAN CIVIL LIBERTIES UNION v. DOJ, et al., Civ. A. No. 11–cv–07562 (S.D.N.Y.):**
**INDEX**

| Release and Folder Location | Bates Page Number | Document Date(s) | Document Description | Exemption(s) |
|---|---|---|---|---|
| BR Request Form-04132010 Pgs. 4-7 | ACLU Sect. 215 - 1971-6 | 4/13/2010 | Instructions and an internal form used in completing a business records request. | (b)(7)(E) |
| Business Records Request Pgs. 3-7 | ACLU Sect. 215 – 1835-41 | 3/22/2006 | Instructions and internal form used in completing a business records request. | (b)(7)(E) |
| FBRR Request Pgs. 2-6 | ACLU Sect. 215 – 1842-7 | Document not dated | Instructions and internal form used in completing a business records request. | (b)(7)(E) |
| FISA BR Order- Kicksheet Pgs. 1-3 | ACLU Sect. 215 – 1868-70 | Document not dated | FBI policy for securing electronic records. | (b)(1) and (b)(7)(E) |
| FISA BR Request- Kicksheet Pg. 1 | ACLU Sect. 215 – 1867 | Document not dated | Form outlining procedures for obtaining a business record order. | (b)(7)(E) |
| Processing Procedures-Kicksheet Pgs. 1-4 | ACLU Sect. 215 – 1878-81 | 12/22/2010 | Memorandum on procedures for obtaining electronic records. | (b)(1) and (b)(7)(E) |

This index is based on plaintiffs' email dated December 13, 2012 wherein plaintiff listed the six documents they wish to contest. The documents listed in plaintiffs' December email are reflected in this index.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:11-cv-07562-WHP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **<u>EXHIBIT H</u>**

**From:** Alexander Abdo [mailto:aabdo@aclu.org]
**Sent:** Thursday, December 13, 2012 2:12 PM
**To:** Clopper, John (USANYS); Daughtry, Emily (USANYS)
**Cc:** syoungs@proskauer.com
**Subject:** ACLU Section 215 FOIA

John and Emily,

Please consider this our notification to you of our challenges to the government's withholdings in this case for purposes of our upcoming summary-judgment briefing.

As an initial matter, we do not challenge the withholding of any of the information contained within the documents that have already been released in part.

Rather, we challenge only the following categories of documents that have been withheld in full:

1. From the FBI's *Vaughn*:
    1. BR Request Form-04132010 Pgs. 4–7
    2. Business Records Request Pgs. 3–7
    3. FBRR Request Pgs. 2–6
    4. FISA BR Order- Kicksheet Pgs. 1–3
    5. FISA BR Request- Kicksheet Pg. 1
    6. Processing Procedures-Kick sheet Pgs. 1--4
2. From the NSD's *Vaughn*:
    1. All categories, although we may narrow this challenge depending on the upcoming release of materials in the first category.
3. From the OIP's *Vaughn*:
    1. Document 1
4. From the OLC's *Vaughn*:
    1. The Census Act memo.


As we suggested before, however, we are not interested in challenging the withholding of all information in these categories of documents. Rather, we seek the disclosure only of any information in the above categories of information that would reveal either (a) the types of information or "tangible things" that the government believes Section 215 authorizes it to collect, or (b) the nature of the relevance standard that the government or the FISA Court uses to determine whether an application under Section 215 is valid.

We do *not* not challenge, however, the withholding of information (even if it satisfies either of the criteria above) that would disclose the targets of a Section 215 order or the type of information that the government has sought or is seeking in a particular Section 215 application. Plaintiffs also do not seek information about the specific technologies that the government uses to collect the types of information it believes Section 215 authorizes it to collect.

For example, if a document contains the types of information that the government believes it

may collect under Section 215, Plaintiffs seek disclosure of the relevant portions of that document. If the document describes the government's selection of one or more of those types of information in a particular investigation, however, Plaintiffs only seek disclosure of that record to the extent the description of the types of information that may be collected under Section 215 can be segregated from the particular investigation discussed in the document.

Similarly, if a document describes the government's legal authority to collect a specific type of information but does not disclose any actual investigations seeking that information, Plaintiffs challenge that withholding.

Thanks, and if we can clarify any aspect of this to facilitate and streamline our upcoming briefing, please let us know.

Alex

Alex A. Abdo
Staff Attorney, National Security Project
American Civil Liberties Union
125 Broad St., 18th Fl., New York, NY 10004
■ 212.549.2517 ■ aabdo@aclu.org
www.aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:11-cv-07562-WHP |

# <u>EXHIBIT I</u>

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___3___ Page(s) withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| X(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) | | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____ Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____ Pages were not considered for release as they are duplicates of other released pages.

___3___ Page(s) withheld for the following reason(s):

(b)(1)-1 – Classified Information
(b)(7)(E)-1 – Investigative Techniques and Procedures

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-1868-70

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X   No Duplication Fee    X
X   for this page          X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

__4__    Page(s) withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| | **Section 552** | **Section 552a** |
|---|---|---|
| X (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3)_____ | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | X (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

__4__    Page(s) withheld for the following reason(s):

(b)(1)-1 – Classified Information
(b)(7)(E)-1 – Investigative Techniques and Procedures

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-1878-81

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee     X
X   for this page          X
XXXXXXXXXXXXXXXXXX
```

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 03-16-2012 BY 65179 DMH/STP/MJS

(Revised 04/13/2010)

## FBI FOREIGN INTELLIGENCE SURVEILLANCE ACT (FISA)
## BUSINESS RECORDS REQUEST FORM

### INSTRUCTIONS

The FBI must use this form to request that the National Security Law Branch (NSLB)

b7E -1

FBI field offices must adhere to the following procedures in using this form:

Please direct any questions about how to complete this form or

Blank versions of this form are classified SECRET//NOFORN. **Add overall and paragraph classification markings to the form according to the classification of the information you provide.**

ACLU Sect. 215-1971

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 03-16-2012 BY 65179 DMH/STP/MJS

(Classification of completed form)

(Revised 04/13/2010)

# FISA REQUEST FOR ACCESS TO BUSINESS RECORDS, I.E., "ANY TANGIBLE THING (INCLUDING BOOKS, RECORDS, PAPERS, DOCUMENTS AND OTHER ITEMS)" (50 USC Section 1861)

b7E -1

(Classification of completed form)

ACLU Sect. 215-1972

OPCA-20 (12-3-96)

## FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

_____4_____   Page(s) withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐ (b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐ (b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

_____4_____   Page(s) withheld for the following reason(s):

(b)(7)(E)-1 – Investigative Techniques and Procedures

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-1973-6

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X    No Duplication Fee     X
X    for this page             X
XXXXXXXXXXXXXXXXXX
```

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 02-28-2012 BY 65179 DMH/STP/MJS

(Revised 03/22/2006)

# FBI FOREIGN INTELLIGENCE SURVEILLANCE ACT (FISA)
## BUSINESS RECORDS REQUEST FORM

### INSTRUCTIONS

The FBI must use this form to request that the National Security Law Branch (NSLB)

b7E -1

Please direct any questions about how to complete this form or

(AGC

b6 -1
b7C -1

Blank versions of this form are unclassified. **Add classification markings to the form according to the classification of the information you provide.**

ACLU Sect. 215-1835

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 02-29-2012 BY 65179 DMH/STP/MJS

_____
(Classification of completed form)

(Revised 03/22/2006)

**FISA REQUEST FOR ACCESS TO BUSINESS RECORDS,
I.E., "ANY TANGIBLE THING (INCLUDING BOOKS, RECORDS,
PAPERS, DOCUMENTS AND OTHER ITEMS)" (50 USC Section 1861)**

b7E -1

_____
(Classification of completed form)

1

ACLU Sect. 215-1836

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___5___    Page(s) withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____    Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | **Section 552a** |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐ (b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐ (b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____    Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____    Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____    Pages were not considered for release as they are duplicates of other released pages.

___5___    Page(s) withheld for the following reason(s):

(b)(7)(E)-1 – Investigative Techniques and Procedures

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-1837-41

```
XXXXXXXXXXXXXXXXXX
X  Deleted Page(s)      X
X    No Duplication Fee   X
X   for this page          X
XXXXXXXXXXXXXXXXXX
```

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 02-29-2012 BY 65179 DMH/STP/MJS

——————— [enter here the overall classification after this form is completed]

## FBI FOREIGN INTELLIGENCE SURVEILLANCE ACT (FISA)
## BUSINESS RECORDS REQUESTS FORM (U)

### INSTRUCTIONS (U)

(U) Use this form to request that the National Security Law Branch (NSLB) [⬛⬛⬛⬛⬛⬛⬛]  b7E -1

(U) FBI field offices must adhere to the following procedures in using this form:

(U) Please direct any questions about this form or [⬛⬛⬛⬛⬛⬛⬛]

(U) **Add the overall classification markings to the top and bottom margins and any paragraph classification markings to your answers based on the information you provide.**

ACLU Sect. 215-1842

——————— [enter here the overall classification after this form is completed]

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

___4___   Page(s) withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐ (b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐ (b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

___4___   Page(s) withheld for the following reason(s):

(b)(7)(E)-1 – Investigative Techniques and Procedures

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-1843-6

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X     No Duplication Fee    X
X    for this page        X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

_____1_____   Page(s) withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | **Section 552a** |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | X (b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X (b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| X (b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

_____1_____   Page(s) withheld for the following reason(s):

(b)(6)-1/(b)(7)(C)-1 – Names and/or Identifying Information of FBI Special Agents and Support Personnel
(b)(7)(E)-1 – Investigative Techniques and Procedures

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-1847

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)        X
X   No Duplication Fee      X
X   for this page            X
XXXXXXXXXXXXXXXXXX
```

OPCA-20 (12-3-96)

# FEDERAL BUREAU OF INVESTIGATION
## FOIA/PA DELETED PAGE INFORMATION SHEET

____1____   Page(s) withheld entirely at this location in the file.   One or more of the following statements, where indicated, explain this deletion.

_____   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

### Section 552

|  |  | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | X(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☐(b)(6) |  | ☐(k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Document(s) originated with another Government agency.   These documents were referred to that agency for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies).   You will be advised by the FBI as to the releasability of this information following our consultation with the other agency.

_____   Page(s) withheld inasmuch as a final release determination has not been made.   You will be advised as to the disposition at a later date.

_____   Pages were not considered for release as they are duplicates of other released pages.

____1____   Page(s) withheld for the following reason(s):

(b)(7)(E)-1 – Investigative Techniques and Procedures

☒ The following numbers are to be used for reference regarding these pages:
ACLU Sect. 215-1867

```
XXXXXXXXXXXXXXXXXX
X   Deleted Page(s)      X
X     No Duplication Fee  X
X   for this page          X
XXXXXXXXXXXXXXXXXX
```