UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

11 Civ. 7562 (WHP)

### DECLARATION OF MARK A. BRADLEY

I, Mark A. Bradley, do hereby state and declare as follows:

1. I am the Director of the Freedom of Information Act ("FOIA") and Declassification Unit of the Office of Law and Policy in the National Security Division ("NSD") of the United States Department of Justice ("DOJ" or "Department"). NSD is a component of the Department. NSD formally began operations on October 2, 2006, by, *inter alia*, consolidating the resources of the Department's Office of Intelligence Policy and Review ("OIPR")[1] and the Counterterrorism Section ("CTS") and Counterespionage Section ("CES") of the Department's Criminal Division.

2. In addition, under a written delegation of authority pursuant to section 1.3.(c) of Executive Order 13526, I hold original classification authority at the TOP SECRET level. I am authorized, therefore, to conduct classification reviews and to make original classification and declassification decisions.

3. I submit this supplemental declaration in support of DOJ's Motion for Summary

---

[1] OIPR is now known as the Office of Intelligence ("OI").

Judgment in the above-captioned case. This declaration will provide additional information about NSD's responsive records. I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties.

4. In addition to the responsive records discussed in my February 8, 2013 declaration, NSD FOIA located one additional document in December 2012. Due to internal miscommunications, I did not refer to this document in my unclassified declaration, dated February 8, 2013. The additional document is an unclassified letter, dated March 3, 2010, from the Department's Office of Legislative Affairs to Representative Nydia Velázquez, the Chair of the Hispanic Congressional Caucus. This document was sent to DOJ's Office of Information Policy ("OIP") for consultation on February 5, 2013. On February 27, 2013, OIP informed NSD that the document could be released in full. A copy of this document was provided to plaintiffs on March 1, 2013, and is included as Exhibit A to this declaration.

## CONCLUSION

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 7th day of March 2013

_____
Mark A. Bradley

# Exhibit A



**U.S. Department of Justice**

Office of Legislative Affairs

Office of the Assistant Attorney General  Washington, D.C. 20530

March 3, 2010

The Honorable Nydia Velázquez
Chair
Congressional Hispanic Caucus
U.S. House of Representatives
Washington, D.C. 20515

Dear Madam Chair:

This is in response to your letters of September 14, 2009 and December 3, 2009 requesting the Justice Department's views as to the potential effect of the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001, Pub. L. No. 107-56, 115 Stat. 272 ("Patriot Act"), as amended, on confidentiality protections provided by the Census Act, 13 U.S.C. §§ 8, 9, 214 (2006). In particular, your letters express concern on the part of some members of the public that information-gathering or information-sharing provisions of the Patriot Act may override the confidentiality requirements of the Census Act so as to require the Commerce Secretary to disclose otherwise covered census information to federal law enforcement or national security officials. The long history of congressional enactments protecting such information from such disclosure, as well as the established precedents of the courts and this Department, supports the view that if Congress intended to override these protections it would say so clearly and explicitly. Because no provision of the Patriot Act, including Section 215, indicates such a clear and explicit intent on the part of Congress, the Department's view is that no provisions of that Act override otherwise applicable Census Act provisions barring the Commerce Secretary and other covered individuals from disclosing protected census information possessed by the Commerce Department. An identical letter is being sent to your fellow signatories.

If we may be of further assistance on this or any other matter, please do not hesitate to contact this office.

Sincerely,

Ronald Weich
Assistant Attorney General

DOJ-NSD000136