# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**, | Case No.: 4:11-cv-05221-YGR |
| Plaintiff, | **ORDER RE: FURTHER SUBMISSION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| vs. | |
| **DEPARTMENT OF JUSTICE**, | |
| Defendant. | |

Presently before the Court are the parties' Cross-Motions for Summary Judgment in this action to compel disclosure under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Court has reviewed the parties' submissions in support and in opposition to the cross-motions. As a preliminary matter, the Court finds that Defendant Department of Justice ("the Department") must make a further submission before the Court can proceed with its analysis.

Under pertinent Ninth Circuit authority, the Court must determine whether the public record alone supports the claimed FOIA exemption. *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987); *see also Lion Raisins v. U.S. Dept. of Agric.*, 354 F.3d 1072, 1079-80 (9th Cir. 2004). If it does not, the Court must ensure that the government has submitted as much detail on the public record as is reasonably possible, including requiring submission of additional public affidavits, before resorting to review of any affidavits or documents *in camera*. *See Wiener v. FBI*, 943 F.2d 972, 979, 988 (9th Cir. 1991); *Pollard v. FBI*, 705 F.2d 1151, 1154 (9th Cir. 1983); *see also Lion Raisins*, 354 F.3d at 1084 (finding that the district court lacked adequate basis for its decision because it failed to require the government to submit as much information as possible in the form of public declarations before relying on *in camera* review of affidavits). While executive agency claims of national security

exemption are accorded deference, it remains the duty of the Court to review the propriety of the withholding, and the duty of the agency to provide sufficient information to justify the withholding. *Wiener,* 943 F.2d at 978-80.

The Court finds that the two declarations of Mark Bradley filed in the public record of this case by the Department do not provide sufficient information and specificity. The Department has not provided a document-by-document explanation for withholding, but only a description of four broad categories of documents withheld. As to some categories, it has indicated the number of documents and pages withheld, as well as the date ranges of the documents. For one category, "Materials submitted to, or opinions and/and [*sic*] orders issued by, the Foreign Intelligence Surveillance Court," it has not even provided that information. As to all the documents, the Bradley declarations provide only one blanket justification for withholding: that the withheld material contains specific descriptions of the manner and means by which the Government acquires tangible things for certain authorized investigations pursuant to Section 215, and describes highly sensitive intelligence activities, sources and methods. Further, the declarations only state generally, as to all the withheld documents, that there is no reasonably segregable, non-exempt information that can be disclosed without revealing exempt information.

While the declarations in the public record refer to Bradley's *in camera*, *ex parte* declaration, the Court is not satisfied that the public record has been made as complete as possible. It bears emphasizing that Plaintiff has narrowed the scope of the responsive documents to just those which concern "significant legal analysis or interpretation of Section 215," including guidelines, legal opinions and legal memoranda interpreting surveillance powers. The public declarations do not begin to explain why these legal analysis documents would be so replete with descriptions of intelligence activities, sources and methods that no portions thereof would contain non-exempt information. Thus, the Court declines to look to the *in camera* submission without more from the Department of Justice on the public record in this matter.

Accordingly, Defendant Department of Justice is **ORDERED** to file, no later than **April 18, 2013,** a further public declaration of Mark Bradley, or other person with knowledge, which sets

forth, on a document-by-document basis, the following additional information, or an explanation as to why that information cannot be provided on the public record:

(1) the number of pages;

(2) the specific category of the document (*e.g.*, "legal memorandum submitted to the FISC");

(3) the exemption(s) claimed;

(4) the basis for claiming the exemption(s), *i.e.*, an articulation of the harm to national security that would result from the disclosure of the information; and

(5) an explanation of why there is no reasonably segregable portion of the document that can be disclosed.

Defendant should particularly address the issue of segregability. Plaintiff's request focuses on legal analysis. As indicated in the Declaration of Mark Rumold in Support of Plaintiff's Cross-Motion, Exhibits 6 and 7 (Dkt. Nos. 42-6 & 42-7), non-exempt legal analysis may be segregable despite the need for substantial redaction.

After the further submission has been received, the Court will consider whether it will review any *in camera* affidavits, and whether it will require the Department to submit the withheld documents, or a portion thereof, for review *in camera*. Thus, the hearing on the cross-motions is **VACATED** until further notice from the Court.

**IT IS SO ORDERED.**

Date: March 26, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3