UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, *et al.*, <br><br> Defendants. | 11 Civ. 7562 (WHP) <br><br> ECF Case |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street, 5th Floor
New York, New York 10007
Tel.: (212) 637-2716

JOHN D. CLOPPER
EMILY E. DAUGHTRY
Assistant United States Attorneys
 — Of Counsel —

**PRELIMINARY STATEMENT**

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ") (together, the "Government"), by their attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submit this supplemental memorandum of law in further support of their motion for summary judgment.

As the Court is aware, plaintiff American Civil Liberties Union and American Civil Liberties Union Foundation (collectively, "ACLU") brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The ACLU seeks records related to Section 215 of the USA PATRIOT Act. Section 215 permits the Government to apply to the Foreign Intelligence Surveillance Court (the "FISC") for a court order directing the production of "any tangible things" for certain authorized investigations. 50 U.S.C. § 1861(a)(1). As we have previously explained, the Government's use of this authority—much of which is classified—is critical to countering security threats to the nation.

Since the Government filed its motion for summary judgment on February 8, 2013, the Government has determined that certain documents that the Government has withheld, in whole or in part, pursuant to Exemption 1 are also exempt pursuant to either Exemption 5 or Exemption 3. This supplemental memorandum addresses these additional bases for withholding these documents.[1]

---

[1] The Government regrets the delay in its assertion of these additional bases for withholding, and respectfully requests that the Court consider the Government's claims of exemption. *See American Civil Liberties Union v. Department of Defense*, 389 F.Supp.2d 547, 575 (S.D.N.Y. 2005) (considering claim of exemption raised for the first time after motion was fully briefed, where government acted in good faith); *Nat'l Council of La Raza v. DOJ*, 339 F.Supp.2d 572, 584 (S.D.N.Y. 2004).

**I.    DOCUMENT NO. 119 IS EXEMPT FROM DISCLOSURE PURSUANT TO EXEMPTION 5**

Upon further review, NSD has determined that one withheld document, Document No. 119 on the *Vaughn* index, is properly withheld pursuant to FOIA Exemption 5 as well as Exemption 1.

The Government addressed Exemption 5 in its opening memorandum of law. *See* Memorandum of Law in Support of Government's Motion for Summary Judgment, dated February 8, 2013 ("Gov. Mem."), at 17-22. As the Government explained, Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). *See* Gov. Mem. at 17. Such a record is exempt from disclosure if it would be "normally privileged in the civil discovery context." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Exemption 5 thus incorporates the privileges that are available to a government agency in civil litigation, the three principal ones being the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine. *See id.* at 148-49; *Brennan Center for Justice v. DOJ*, 697 F.3d 184, 187 (2d Cir. 2012) (Exemption 5 "has been interpreted to encompass traditional common law privileges against disclosure, including the attorney-client and deliberative-process privileges, and the work-product doctrine") Document No. 119 is an internal NSD legal memorandum discussing a possible course of action in litigation before the Foreign Intelligence Surveillance Court, and prepared in anticipation of that litigation. Second Supplemental Declaration of Mark A. Bradley, dated April 26, 2013 ("Second Supp. Bradley Decl.") ¶¶ 14-20. It is therefore subject to the deliberative process privilege and the attorney work product doctrine.

The Government discussed the deliberative process privilege in its prior memorandum of law, and incorporates that discussion by reference here.  *See* Gov. Mem. at 17-22.  As Mr. Mark Bradley, Director of the FOIA and Declassification Unit of the Office of Law and Policy in the NSD, explains in his Second Supplemental Unclassified Declaration, the internal NSD legal memorandum is a predecisional, deliberative document.  Second Supp. Bradley Decl. ¶¶ 14-18.  In particular:

> The memo considered whether to proceed with a certain argument before the FISC in connection with the submission of an application seeking tangible things, and recommended to the decision maker a course to take. The memorandum is predecisional in that it preceded a final decision, and deliberative because it played a part in the process by which decisions were made in the relevant matter before the FISC.

*Id.* at ¶ 18.  The internal NSD legal memo is therefore properly withheld pursuant to Exemption 5 under the deliberative process privilege.  *E.g., Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999).

Document No. 119 is also properly withheld pursuant to Exemption 5 under the attorney work product doctrine, which protects materials prepared by attorneys or others, including government attorneys, in anticipation of litigation.  *See* Fed. R. Civ. P. 26(b)(3); *Sears, Roebuck & Co.*, 421 U.S. at 154; *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947).  As explained in the Second Supplemental Bradley Declaration, Document No. 119 is a memorandum prepared by attorneys within NSD discussing whether and how to proceed with a certain argument before the FISC.  Second Supp. Bradley Decl. ¶¶ 14-16, 20.  The internal memorandum analyzes "a particular legal question involving the FISA, discusses the legal question, and makes a recommendation as to how the Department of Justice should proceed in relevant litigation before the FISC."  *Id.* at ¶ 16.  The memo is therefore subject to the attorney work product doctrine, and properly withheld in full pursuant to Exemption 5.  *See A. Michael's Piano v. Federal Trade*

*Commission*, 18 F.3d 138, 146 (2d Cir. 1998) (shielding work product under Exemption 5); *Judicial Watch v. Dep't of Justice*, 432 F.3d 366, 370-72 (D.C. Cir. 2005) ("If a document is fully protected as work product, then segregability is not required.").

## II.   ALL DOCUMENTS WITHHELD BY NSD ARE EXEMPT FROM DISCLOSURE PURSUANT TO EXEMPTION 3

In its February 8, 2013 motion, in addition to invoking Exemption 1 for all documents withheld in full or in part by NSD, the Government invoked Exemption 3 for "certain documents withheld by NSD . . . ." Gov. Mem. at 14.  After further consideration, the Government has determined that all the NSD documents withheld in full, as well as the withheld portions of NSD documents that were released in part, are exempt pursuant to Exemption 3 as well as Exemption 1.  While additional specific information regarding the Government's extension of its assertion of Exemption 3 can be found in the Supplemental Classified Declaration of Mark A. Bradley, dated April 26, 2013 ("Supplemental Classified Bradley Declaration"), the legal basis for the exemption remains as the Government set forth  it in its opening memorandum of law: Exemption 3 applies to records that are "specifically exempted from disclosure" by other federal statutes "if that statute—establishes particular criteria for withholding or refers to the particular types of material to be withheld." 5 U.S.C. § 552(b)(3).  *See* Gov. Mem. at 14.  Exemption 3 applies to all documents withheld by NSD by virtue of Section 102A(i)(1) of the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act of 2004, 50 U.S.C. § 403-1(i) (the "National Security Act").  The National Security Act protects "intelligence sources and methods" from public disclosure.  *See New York Times*, 872 F. Supp. 2d 309, 317 (S.D.N.Y. 2012); *CIA v. Sims*, 471 U.S. 159, 167 (1985) (holding Section 102(d)(3) of the National Security Act of 1947, precursor to current Section 102A(i)(1), qualifies as a withholding statute under Exemption 3); *ACLU v. DOD*, 681 F.3d 61, 73 n. 13 (2d Cir. 2012)

- 4 -

("The statutory provision at issue in *Sims* was a materially identical precursor to section 102A(i)(1) of the NSA"); *New York Times Co. v. DOD*, 499 F. Supp. 2d 501, 512 (S.D.N.Y. 2007); *ACLU v. DOD*, 628 F.3d 612, 619 (D.C. Cir. 2011).  As Mr. Bradley explained in his earlier declarations, and again in both the unclassified Second Supplemental Bradley Declaration and the Supplemental Classified Bradley Declaration, these materials are properly withheld under Exemption 3 because their release would reveal intelligence sources and methods. *See* Unclassified Bradley Decl., dated February 8, 2013, ¶¶ 15-16; Classified Bradley Decl., dated February 8, 2013, and accompanying materials.

## CONCLUSION

For the foregoing reasons and the reasons stated in the Government's opening memorandum of law, the Government's motion for summary judgment dismissing the remaining claims in *American Civil Liberties Union v. Federal Bureau of Investigation*, 11 Civ. 7562 (WHP), should be granted.

Dated:   New York, New York
         April 26, 2013

                                            Respectfully submitted,

                                            PREET BHARARA
                                            United States Attorney

By:   __/s/ John Clopper_____
      JOHN D. CLOPPER
      EMILY E. DAUGHTRY
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Telephone: (212) 637-2716 (Clopper)
                    (212) 637-2777 (Daughtry)
      john.clopper@usdoj.gov
      emily.daughtry@usdoj.gov