NATIONAL SECURITY PROJECT



August 19, 2014

*By ECF*
Honorable William H. Pauley III
United States District Court for the
   Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

RICHARD ZACKS
*TREASURER*

      Re:    *American Civil Liberties Union et al. v. FBI et al.*
                  Case No. 11 Civ 7562 (WHP)

Dear Judge Pauley:

      Plaintiffs write in response to the government's August 15, 2014 letter (ECF No. 107), which refers the Court to a recent decision of the United States District Court for the Northern District of California in *Electronic Frontier Foundation v. Department of Justice*, No. 11-cv-05221-YGR (N.D. Cal.) ("*EFF v. DOJ*"). That decision sustained the government's withholding in full of two FISC opinions also at issue in this FOIA litigation.

      As the Court knows, the *EFF* decision is not binding authority in this District. Moreover, it does not address all of the documents and claims before this Court. The government here has withheld in full an unknown number of FISC opinions and orders that were not at issue in the *EFF* case. (The number is unknown because the government has failed to identify or describe the records on its Vaughn Index.) The government has defended this response with an extreme claim of secrecy that was neither raised nor addressed in *EFF v. DOJ*. Here, it says that FOIA permits it to conceal even the existence of judicial opinions analyzing whether the government may collect in bulk information other than phone records—including information like financial data, which the government has acknowledged it regularly collects under both Section 215 and many other legal authorities. *See* Pl. Reply 1–7 (ECF No. 98).

      In short, the *EFF* decision is not a substitute for the Court's review of the documents at issue here, and it does not resolve the core issue in *this* case— whether the government may conceal the very existence of court opinions interpreting the government's power to collect Americans' information in bulk.

Respectfully submitted,

*/s/ Patrick Toomey*

| | |
|---|---|
| Beth Haroules | Patrick Toomey |
| Arthur Eisenberg | Alex Abdo |
| New York Civil Liberties Union Foundation | Brett Max Kaufman |
| | Jameel Jaffer |
| 125 Broad Street, 19th Floor | American Civil Liberties Union Foundation |
| New York, NY 10004 | 125 Broad Street, 18th Floor |
| Phone: 212.607.3300 | New York, NY 10004 |
| Fax: 212.607.3318 | Phone: 212.549.2500 |
| bharoules@nyclu.org | Fax: 212.549.2654 |
| | ptoomey@aclu.org |

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Charles S. Sims
Proskauer Rose LLP
11 Times Square
New York, NY 10036
Phone: 212.969.3000
Fax: 212.969.2900
csims@proskauer.com

*Counsel for Plaintiffs*

cc:   Emily Daughtry (emily.daughtry@usdoj.gov)
       John D. Clopper (john.clopper@usdoj.gov)