UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION, *et al.*,

Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION, *et al.*,

Defendants.

11 Civ. 7562 (WHP)

ECF CASE

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL MEMORANDUM OF LAW

Plaintiffs respectfully submit this response to the government's Supplemental
Memorandum of Law, dated October 24, 2014 (ECF No. 113).

The government's submission is an attempt to relitigate issues addressed extensively in
the parties' prior briefing and letters—issues that, as the government acknowledges, the Court
has already decided. *See* Gov't Supp. Mem. at 1. The filing abuses the opportunity the Court
offered the government to review its segregability determinations, and the extension of time the
Court granted for that purpose.[1] The government states that its submission was "[a]t the Court's
invitation," *id.*, but that is misleading. The Court's Order provided that "The Government is
invited to make a further submission either reconsidering its determinations and proposing
redactions or providing further support as to why these documents should be withheld in full."
Order at 17 (ECF No. 110). The government has not altered its position on the documents at
issue nor has it proposed the release of additional information. Instead, it uses its unclassified

---

[1] Indeed, the government failed to mention the nature of its intended filing when it requested
additional time, even though it was explaining to another court—the very same day—that it
planned to dispute this Court's findings. *Compare* Gov't Letter dated Oct. 16, 2014, at 1 (ECF
No. 111), *with* Gov't Letter dated Oct. 16, 2014, at 2, *ACLU v. DOJ*, No. 13-07347-GHW
(S.D.N.Y.) (ECF No. 32).

filing to put before the Court an extended recapitulation of its previous arguments, spending fourteen pages (out of fifteen) disputing the Court's findings. *See* Gov't Supp. Mem. at 2–15.

The government's submission is made more problematic by the fact that, though ostensibly meant to show that the government has always acted with candor and good faith in this case, its filing instead doubles down on a series of overstatements and inaccuracies previously highlighted by both Plaintiffs and the Court. For example, the government says that it "consistently asserted" that the FISC Rules barred disclosure under FOIA, in both the federal district courts "and before the FISC itself." Gov't Supp. Mem. at 13. But the record in those courts, including this one, is to the contrary. *See, e.g.*, Pls.' Letter dated July 22, 2014 (ECF No. 104). The government also says that it was forced to withhold FISC opinions in full, in order to conceal the NSA's role, because DOJ "would not *ordinarily*" have redacted its classification markings. Janosek Decl. ¶ 33 (ECF No. 97) (emphasis added). But that is a strategic overgeneralization—one that has never borne the weight the government places on it, and one that the court in *EFF v. DOJ* did not credit.[2] *See* Pls.' Reply at 7–8 (ECF No. 98). And finally, the government continues to minimize its failure to locate three FISC orders concerning bulk collection, after repeatedly assuring the Court that its "extraordinary and intensive multiagency" review had been comprehensive. *See* Pls.' Letter dated July 11, 2014 (ECF No. 102).

Because the government largely repeats its previous arguments, and because the Court did not invite that additional briefing, Plaintiffs urge the Court simply to disregard the government's filing. To the extent the Court chooses to address the arguments presented there at all, Plaintiffs respectfully request an opportunity to respond in kind.

---

[2] In fact, a recently released opinion suggests that DOJ does periodically redact classification markings in comparable circumstances. *See* Supp. Classified Op., *United States v. Daoud*, No. 14-1284 (7th Cir. July 14, 2014), http://1.usa.gov/1wG2ORv (applying redactions to classification markings).

Dated:   October 29, 2014             Respectfully submitted,
         New York, New York

                                  /s/ *Patrick Toomey*

Beth Haroules                        Patrick Toomey
Arthur Eisenberg                   Alex Abdo
New York Civil Liberties Union      Jameel Jaffer
Foundation                         American Civil Liberties Union
125 Broad Street, 19th Floor        Foundation
New York, NY 10004              125 Broad Street, 18th Floor
Phone: 212.607.3300            New York, NY 10004
Fax: 212.607.3318               Phone: 212.549.2500
bharoules@nyclu.org            Fax: 212.549.2654
aeisenberg@nyclu.org          ptoomey@aclu.org

                                   Charles S. Sims
                                   Proskauer Rose LLP
                                   11 Times Square
                                   New York, NY 10036
                                   Phone: 212.969.3000
                                   Fax: 212.969.2900
                                   csims@proskauer.com

                                   *Counsel for Plaintiffs*